

# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF LOUISIANA

### IN RE: McCLENNY MOSELEY & ASSOCIATES PLLC

### MEMORANDUM ORDER

The undersigned has been concerned about the misconduct of attorneys from McClenny Moseley & Associates, PLLC ("MMA") in relation to their representation of clients with claims arising from Hurricanes Laura, Delta, and Ida since the mass filing of several hundred cases by that firm beginning in August 2022. Review of the cases raised several issues, including duplicate filings, cases filed against insurers who had no policy in place with the plaintiff, and cases filed on behalf of plaintiffs who had already settled their hurricane claims with the insurer. MMA attorneys were given the opportunity to address the concerns through hearings held on October 20 and December 13, 2022, as well as *in camera* submissions.

The hearings and submissions did little to assuage these concerns and instead raised new issues relating to client communication, the way MMA had been retained, and handling of settlement proceeds. *See* Exhibt A (Transcript, Hearing 1) and Exhibit B (Transcript, Hearing 2). Specifically, at the first hearing, the court expressed concern about efforts by MMA to mass-settle hurricane claims. Exh. A, pp. 22–26. It also heard testimony from several MMA clients, none of whom appeared to have adequately communicated with their attorneys before suit was filed. *Id.* at 30–47. At the second hearing, the court heard from MMA client Betty Green, who filed suit against State Farm despite previously settling

her claim with the insurer in a suit filed with a different plaintiff's attorney. Exh. B, pp. 25–32. MMA also inadvertently filed multiple lawsuits on her behalf. *Id.* The court heard testimony on MMA's use of an unlicensed "estimator" for establishing damages, rather than the licensed public adjusters relied on by plaintiffs in most cases. *Id.* at 37–40. It also heard testimony from the attorney of a client who had inadvertently retained MMA and faced difficulty terminating them. *Id.* at 52–53. The client submitted a notarized statement detailing his efforts to terminate services with MMA, which nonetheless filed a petition on his behalf without his knowledge or consent. *Williams v. State Farm*, No. 2:22-cv-3037, doc. 12, att. 1 (W.D. La. Jan. 12, 2023). The court also heard testimony regarding MMA's improper endorsement of a settlement check in the matter of Melvin Addison. Exh. B, pp. 57–95. It further heard testimony from MMA client Nancy Crockett, who alleged that the firm had dismissed her suit without communicating with her. *Id.* at 95–105. Finally, it heard testimony regarding numerous suits filed against insurers who had never issued a policy to the plaintiff. *Id.* at 105–122.

The court stayed MMA's cases after the first hearing to review the submissions and prevent MMA from mass-settling their cases, given the issues raised.[1] These issues stand in stark contrast to the way thousands of other hurricane cases have proceeded through this court since December 2020. Indeed, over half of the seven thousand Hurricane Laura and Delta cases filed have already been resolved and no firm has drawn anything close to the level of ethical concerns as MMA. Additionally, MMA attorneys have come under scrutiny

---

[1] MMA has also failed to comply with the court's repeated orders to submit documentation in conjunction with its proposed settlements.

in the Eastern District of Louisiana for their handling of Hurricane Ida claims. *See, e.g.*, *Franatovich v. Allied Trust Ins. Co.*, No. 2:22-cv-2552, doc. 59 (E.D. La. Feb. 23, 2023) (order to show cause). Finally, the Louisiana Insurance Commissioner issued a Cease & Desist letter to the firm on February 17, 2023, notifying it that it was under investigation for insurance fraud. Exh. C (LDI Cease & Desist Letter). The investigation and order are based on issues raised in the Addison case, supra, as well as MMA's admissions in the Eastern District of Louisiana, including that it had settled at least eleven claims on behalf of insureds without their knowledge or consent. *Id.*

Under Local Rule 83.2.10, any judge of this court may suspend an attorney for up to ninety days for misconduct without having to seek approval from the other Article III judges of the court or the chief judge. Based on the misconduct before this court, a suspension of the full ninety days for all MMA attorneys who have appeared before the court and for anyone affiliated with that firm is justified. Further, the court is concerned that MMA is committing ongoing misconduct through its poor client communication, use of legal marketing program Velawcity, and failure to properly document its expenses for settlement approval. A suspension is therefore necessary to protect the interest of its current clients in this district.

Accordingly,

**IT IS ORDERED** that the law firm of McClenny Moseley & Associates PLLC and anyone affiliated with the firm, including attorneys R. William Huye III, Claude Favrot Reynaud III, Cameron Sean Snowden, Grant P. Gardiner, John Moseley, and James McClenny be **SUSPENDED FROM PRACTICE** before the United States District Court

for the Western District of Louisiana for a period of **ninety (90) days.** At the conclusion of that period the matter will be referred to a full panel of the Article III judges of this court for consideration of further discipline, which could include permanent suspension from practice in the district.

**IT IS FURTHER ORDERED** that none of the above-referenced attorneys or any attorney affiliated with MMA settle any claims, handle any settlement funds, or make any disbursements of any kind during the period of suspension.

Finally, **IT IS ORDERED** that the above-referenced attorneys submit to Deputy Special Master Cade R. Cole a draft letter by March 10, 2023, informing their clients in this district of the suspension. The letter shall notify the clients that their attorneys have been suspended for ninety days in this district court, with the possibility of the period being extended, and that the clients have the option of either retaining new counsel or remaining with MMA. Mr. Cole will then disseminate the letter.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**