

LOUISIANA DEPARTMENT OF INSURANCE
JAMES J. DONELON
COMMISSIONER




# CEASE AND DESIST ORDER, NOTICE OF WRONGFUL CONDUCT AND NOTICE OF INVESTIGATIVE PROCEEDINGS

February 17, 2023

TO: McClenny Moseley & Associates, PLLC
1820 St. Charles Avenue Ste. 110
New Orleans, LA 70130
Article#7022 2410 00026981 3159

William Huye, III, Esq.
McClenny Moseley & Associates, PLLC
1820 St. Charles Avenue Ste. 110
New Orleans, LA 70130
Article #7022 2410 0002 6981 3166

John Moseley, Esq.
McClenny Moseley & Associates, PLLC
1415 Louisiana Street, Ste. 2900
Houston, Texas 77002
Article #7022 2410 0002 6981 3142

James McClenny
380 Ridge Lake Scenic Dr
Montgomery, TX 77316
Article #7022 2410 0002 6981 3135

Via Email: messages@mma-pllc.com
James@mma-pllc.com
Zach@mma-pllc.com
William@mma-pllc.com

WHEREAS, IT HAS COME TO MY ATTENTION, as Commissioner of Insurance (Commissioner) of the Louisiana Department of Insurance ("LDI" and/or "Department"), that McClenny Moseley & Associates, PLLC, William Huye III, John Moseley and James McClenny, as managing partners and/or members of McClenny Moseley & Associates, PLLC, have violated certain provisions of the Louisiana Insurance Code, Title 22, La. R.S. 22:1 et seq. Accordingly, pursuant to the power and authority vested in me as Commissioner, I issue this Cease and Desist Order, Notice of Wrongful Conduct and Notice of Investigative Proceedings based on the following, to wit:

## FINDINGS OF FACT

**1.**

McClenny Moseley & Associates, PLLC, is a Texas domiciled professional limited liability company, and law firm which represents itself to specialize in insurance claims resulting from natural disasters. McClenny Moseley & Associates, PLLC is registered with the Louisiana Secretary of State with its principal business establishment in Louisiana located at 1820 St. Charles Avenue, Suite 110, New Orleans, LA 70130. Its registered agent is William Huye, by

appointment dated June 2, 2022, and officers include managing members James McClenny and John Moseley. According to LDI records, McClenny Moseley & Associates, PLLC is not licensed to participate in the business of insurance in any way that a license issued by the LDI is required.

**2.**

Apex Roofing and Restoration L.L.C. (hereinafter referred to as "APEX") is an Alabama domiciled limited liability company, and Louisiana licensed contractor, representing and marketing itself as a roofing company providing storm restoration services. APEX is registered with the Louisiana Secretary of State with its principal business establishment in Louisiana located at 1 Galleria Blvd, Suite 1900, Metairie, LA 70001. According to LDI records, APEX is not licensed to participate in the business of insurance in any way that a license issued by the LDI is required.

**3.**

The LDI has evidence that McClenny Moseley & Associates, PLLC, and its principals, managers and/or partners William Huye III, John Moseley and James McClenny (collectively referred to herein as "MMA") participated in a fraudulent scheme involving fraudulent insurance acts.

**4.**

According to information and evidence now in the possession of the LDI, MMA, in connection with a contractual arrangement between MMA and APEX, fraudulently misrepresented to multiple Louisiana insurance companies that MMA had been retained by Louisiana insureds as their attorney and/or legal counsel related to the settlement of hurricane related insurance claims without the knowledge of the insureds MMA purported to represent.

**5.**

According to a transcript of the court proceeding held on February 1, 2023, by the United States District Court for the Eastern District of Louisiana, with The Honorable Michael B. North presiding, MMA admitted to having sent letters of representation to insurance companies on behalf of insureds, while MMA did not represent those insureds, but rather represented APEX. During the proceeding, when questioned by the Judge, MMA admitted to filing one lawsuit and settling eleven (11) claims on behalf of insureds without the insureds' knowledge and consent.

**6.**

Upon the conclusion of the February 1, 2023, Federal Court hearing detailed above, The Honorable Michael B. North ordered MMA, through its counsel of record, William Huye III, to produce comprehensive lists related to specific instances where MMA provided legal representation to Louisiana insureds and also specific instances where MMA mispresented to Louisiana insurers that they represented insureds when in fact they represented APEX and not the insured.

**7.**

On February 13, 2023, via written responses to Orders issued by the Honorable Michael B. North, MMA admitted to 856 misrepresentations to Louisiana insurers that MMA was retained by the insureds/homeowners, when in fact MMA did not represent those insureds/homeowners relative to claims for payment and benefits under those insurance policies.

**8.**

In one of the 856 files, wherein MMA admitted to misrepresenting themselves to have been retained by insureds Michael and Holly Caffarel, in relation to a claim for benefits following Hurricane Laura, the LDI has learned via a complaint filed by counsel retained by the Caffarels that the Caffarels only learned of the fraudulent claim representation when Chase Bank, the mortgage holder and listed payee on the insurance proceeds settlement check, endorsed the check for damages sustained from Hurricane Laura and sent the check to the Caffarels.

**9.**

In a separate admission in response to the Order issued by Judge North following the February 1, 2023 hearing, MMA admitted to the Court that it had settled nine (9) claims while MMA did not represent the insureds connected to those claims.

**10.**

Transcripts obtained from the LDI of a court proceeding held on December 13, 2022, before the United States District Court for the Western District of Louisiana, with The Honorable James D. Cain, Jr. presiding, revealed that MMA received and deposited a check, dated August 24, 2022, from "Allstate" representing proceeds from an insurance settlement. The settlement check was made payable to MMA, Mel Addison and Adriana L. Addison (the insureds/homeowners) and Accord Services, Inc. Accord Services, Inc. is listed as the mortgage holder for the property for which the insurance benefits were claimed on and paid. According to the unrefuted testimony by Kermith Sonnier, the owner of Accord Services, Inc., MMA was never given permission to sign the name of Accord Services, Inc. to the settlement check at issue. Mr. Sonnier further testified that he had never spoken with MMA about the check. Representatives of MMA in the proceeding, and specifically William Huye III, did not refute that MMA deposited and retained settlement proceeds payable to Accord Services, Inc. in the hearing, nearly 6 months following the issuance date of the settlement check. A copy of the check at issue reveals an endorsement negotiation, on behalf of Accord Services, Inc., placed onto the back of the check by MMA.

## APPLICABLE LAW

**11.**

**§2. Insurance regulated in the public interest**

A. (1) Insurance is an industry affected with the public interest and it is the purpose of this Code to regulate that industry in all its phases....[I]t shall be the duty of the commissioner of insurance to administer the provisions of this Code.

**§18. Suspension or revocation of insurer's licenses; fines; orders**

A. The commissioner of insurance may, as a penalty, in accordance with R.S. 49:961, refuse to renew, or may suspend, or revoke the certificate of authority or license of an insurer, person, or entity violating any of the provisions of this Code, or in lieu of suspension or revocation of a certificate or license duly issued, the commissioner may levy a fine not to exceed one thousand dollars for each violation per insurer, person, or entity, up to one hundred thousand dollars aggregate for all violations in a calendar year per insurer, person, or entity, when such violations warrant the refusal, suspension, or revocation of such certificate or license, or the imposition of the fine. The commissioner is also authorized to order any insurer, person, or entity to cease and desist any such action that violates any provision of this code.

La. R.S. 22:1923 maintains in pertinent part:

**§ 1923. Definitions**

(2) "Fraudulent insurance act" shall include but not be limited to acts or omissions committed by any person who, knowingly and with intent to defraud:

(a) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, reinsurer, purported insurer or reinsurer, producer, or any agent thereof, any oral or written statement which he knows to contain materially false information as part of, or in support of, or denial of, or concerning any fact material to or conceals any information concerning any fact material to the following:

(iii) A claim for payment or benefit pursuant to any insurance policy.

(d) Diverts, attempts to divert, or conspires to divert funds of an insurer, reinsurer, or other entity regulated under the laws of this state, or other persons in connection with:

(ii) The conduct of business activities by an insurer, reinsurer, or other entity regulated by the insurance laws of this state.

(m) Receives money or any other thing of value from any person, firm, or entity as a means of compensation for the acts of solicitation or criminal conspiracy done for the purpose

of executing a scheme or artifice to defraud a person.

La. R.S. 22:1924 maintains in pertinent part:

**§ 1924 Prohibited activities and sanctions**

A. (1) (a) Any person who, with the intent to injure, defraud, or deceive any insurance company, or the Department of Insurance, or any insured or other party in interest, or any third-party claimant commits any of the acts specified in Paragraph (2) or (3) of this Subsection is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five years, or a fine not to exceed five thousand dollars, or both, on each count.

(b) In addition to the criminal penalties provided in Subparagraph (a) of this Paragraph, the defendant shall make payment of restitution to the victim or victim company of any insurance payments to the defendant that the court determines were not owed and the costs incurred by the victim or victim company associated with the evaluation and defense of the fraudulent claim, including but not limited to the investigative costs, attorney fees, and court costs. However, if the amount of the benefit that is the subject of the criminal act does not exceed one thousand dollars, the term of imprisonment shall not exceed six months, and any fine shall not exceed one thousand dollars on each count.

(2) The following acts shall be punishable as provided in Paragraph (1) of this Subsection:

(a) Committing any fraudulent insurance act as defined in R.S. 22:1923.

(c) Assisting, abetting, soliciting, or conspiring with another to prepare or make any written or oral statement that is intended to be presented to any insurance company, insured, the Department of Insurance, or other party in interest or third-party claimant in connection with, or in support of or denial, or any claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information, concerning any fact or thing material to such claim or insurance policy.

La. R.S. 22:1963 maintains in pertinent part:

**§1963. Unfair methods and unfair or deceptive acts and practices prohibited**

No person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance, including unauthorized insurance as provided in R.S. 22:1902 et seq. or the failure to maintain professional liability insurance, if such coverage is required pursuant to R.S. 22:1570.1.

La. R.S. 22:1964 maintains in pertinent part:

**§ 1964. Methods, acts, and practices which are defined as unfair or deceptive**

The following are declared to be unfair methods of competition and unfair or deceptive acts or practices in the business of insurance:

(12) Any violation of any prohibitory law of this state.

(13) Fraudulent insurance act. A fraudulent insurance act is one committed by a person who knowingly and with intent to defraud presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, producer, or any agent thereof, any written statement as part of, or in support of, or in opposition to an application for the issuance of, or the rating of an insurance policy for commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which he knows to contain materially false information concerning any fact material thereto; or conceal for the purpose of misleading information concerning any fact material thereto.

**§1967. Power of commissioner of insurance**

The commissioner of insurance shall have power to examine and investigate the affairs of every person engaged in the business of insurance, including violations of R.S. 22:1902 et seq., in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this Part.

**§1968. Notice of hearing**

Whenever the commissioner shall have reason to believe that any person has been engaged or is engaging in this state in any unfair trade practice as defined in this Code, whether or not defined in this Part, the commissioner shall issue a notice of wrongful conduct to said person in accordance and compliance with R.S. 49:961 describing the unfair trade practice and citing the law which is deemed by the commissioner to be violated.

La. R.S. 22:1969 maintains in pertinent part:

**§1969. Violations, penalties**

A. If, after receiving the person's answer or response or if no answer or response is received within twenty days of receipt of mailing, faxing, or delivery of the notice, the commissioner shall determine that the person charged has engaged in an unfair method of competition or an unfair or deceptive act or practice, the commissioner shall reduce his findings to writing and shall issue and cause to be served upon the person charged with the violation a copy of such findings and an order requiring such person to cease and desist from

engaging in such method of competition, act, or practice and order any one or more of the following:

(1) Payment of a monetary penalty of not more than one thousand dollars for each and every act or violation, but not to exceed an aggregate penalty of one hundred thousand dollars unless the person knew or reasonably should have known he was in violation of this Part, in which case the penalty shall be not more than twenty-five thousand dollars for each and every act or violation, but not to exceed an aggregate penalty of five hundred thousand dollars in any six-month period

(2) Suspension or revocation of the license of the person if he knew or reasonably should have known he was in violation of this Part.

**CONCLUSIONS OF LAW**

**12.**

The Commissioner, based on the facts presented, has found McClenny Moseley & Associates, PLLC, William Huye III, John Moseley and James McClenny in violation of multiple provisions set out in Title 22, specifically La. R.S. 22:1924(A)(1)(a), and (2)(a) and (c) as defined by La. R.S. 22:1923. Your actions stated above are declared as unfair trade practices under Louisiana Insurance Code, specifically La. R.S. 22:1964 (12) and (13).

**13.**

**COMMISSIONER'S ACTION**

As a result of the investigation and documentation in possession of the LDI, and in accordance with La. R.S. 22:18, the LDI has determined that emergency action is required to protect the public health, safety, and welfare, and the Louisiana Commissioner of Insurance hereby orders McClenney, Moseley & Associates, PLLC, including its members, agents, employees, assignees and representatives, and William Huye, III, John Moseley and James McClenny to **CEASE AND DESIST** from the activity and the violations of law stated above.

**14.**

**NOTICE OF INVESTIGATIVE PROCEEDINGS:**

Pursuant to La. R.S. 22:1967, La. R.S. 22:1921, and La. R.S. 22:2198 investigative proceedings have been instituted against you relating to the regulation and prevention of administrative or civil violations of the insurance laws of this State.

**15.**

**NOTICE OF WRONGFUL CONDUCT**

Your actions, described above, are declared as unfair trade practices under La. R.S. 22:1964. The Commissioner of Insurance proposes to take further regulatory action against you, McClenney, Moseley & Associates PLLC, William Huye, III, John Moseley and James McClenny, in accordance with La. R.S. 22:1969.

**16.**

**YOUR ACTION**

Prior to the Commissioner instituting the further proposed action under La. R.S. 22:1969, La. R.S. 49:977.3 (formerly La. R.S. 49:961) requires that you be given the opportunity to show cause, in the manner specified in these notices, as to why regulatory action should not be taken. To prevent the Commissioner from instituting the proposed action(s) you must explain how the activities alleged above were lawful and in compliance with the Insurance Code and show cause as to why the Commissioner should not take the action outlined above. **You are ordered to submit your written explanation and any evidence showing your compliance with the Insurance Code no later than twenty (20) days from the date of this letter.** Following our receipt and review of your submission you will be notified of our position with regard to the proposed action. Your failure to submit an explanation as ordered will result in the immediate commencement of administrative action against your license and/or certificate of authority.

**17.**

Be advised that this constitutes an administrative action and that it will be reported to the National Insurance Producer Registry (NIPR). Be further advised that all actions taken on licenses, in accordance with La. R.S. 49:977.3 (formerly La. R.S. 49:961) and Regulation 120, shall take effect ten (10) calendar days from the date of issuance of the notice of regulatory action, unless otherwise provided in Title 22, and that cease and desist orders and summary suspension actions take effect immediately upon issuance. Please also take note that you may need to report this administrative action to other states in which you hold an active license. Contact that state's insurance department if you are unsure of the requirements.

Pursuant to La. R.S. 22:2191(A)(2), any person aggrieved by an act of the Commissioner may request a hearing. You must make a written demand for an appeal within thirty (30) days from the date of this notice. Failure to file a written demand for an appeal within thirty (30) days from this notice will preclude your right to an administrative hearing.

Pursuant to La. R.S. 22:2191(B), your written demand for an appeal (1) shall reference the particular sections of the statutes and rules involved; (2) shall provide a short and plain statement of the matters asserted for review; and (3) shall attach a copy of the order or decision that you

are appealing. Appealing this notice does not stay the action of the Commissioner of Insurance. Pursuant to La. R.S. 22:2204, you must request and be granted a stay of this action by the Division of Administrative Law. Your request for a stay may be included in your appeal. Your written demand for an appeal shall be filed with the Louisiana Department of Insurance at the addresses below:

Louisiana Department of Insurance
Attn: J. David Caldwell, Executive Counsel
P.O. Box 94214
Baton Rouge, LA 70804-9214
Telephone: (225) 342-4673
Fax: (225) 342-1632

File in Person at:
1702 N. Third Street
Baton Rouge, LA 70802

Signed in Baton Rouge, Louisiana this 17th day of February 2023.

JAMES J. DONELON
COMMISSIONER OF INSURANCE
STATE OF LOUISIANA

BY: ______________________________
Nathan Strebeck
Deputy Commissioner
Office of Insurance Fraud
Louisiana Department of Insurance
Telephone: (225) 219-5819

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document upon McClenny, Moseley & Associates, PLLC, William Huye, III, John Moseley, and James McClenny by mailing a copy thereof properly addressed with postage prepaid, this 17th of February 2023.

Heath Soileau
Printed Name

Signature