IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MONSON, individually and on behalf of others similarly situated | § § § | CIVIL ACTION NO: 4:23-cv-00928 |
| *Plaintiff,* | § § | |
| v. | § § | |
| MCCLENNY, MOSELEY & ASSOCIATES, PLLC; JAMES MCCLENNY; JOHN ZACHARY MOSELEY; TORT NETWORK, LLC; AND APEX ROOFING AND RESTORATION, LLC | § § § § § § § | |
| *Defendants.* | § § | |

MOTION TO DISMISS ALL CLAIMS AGAINST
TORT NETWORK, LLC d/b/a VELAWCITY AND MEMORANDUM IN SUPPORT

Defendant Tort Network LLC d/b/a Velawcity, ("Defendant" or "Velawcity"), by and through its attorneys, Dykema Gossett, PLLC, files its Motion for Dismissal of Claims against Velawcity pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure with respect to the Petition filed by Plaintiff Katherine Monson ("Monson" or "Plaintiff") for the following reasons:

## I.    INTRODUCTION AND SUMMARY

Plaintiff Katherine Monson's Complaint should be dismissed for multiple reasons detailed below, including: (1) under Federal Rule of Civil Procedure 12(b)(1) for lack of standing under Article III; (2) under Rule 12(b)(6), for seeking to apply the Texas state civil barratry law extraterritorially; and (3) for failing to state a claim upon which relief can be granted.  Additionally,

this Court should strike Plaintiff's proposed class definition and dismiss the class allegations because, from the Complaint's face, the class allegations are improper for class treatment.

In particular, the Court should dismiss Plaintiff Katherine Monson's claims against Velawcity pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as Plaintiff's Complaint fails to meet the three-prong standing requirements of (a) injury in fact, (b) causal nexus, and (c) redressability.  Instead, Plaintiff's Complaint allegations center on Velawcity's general business dealings with others.  The Complaint fails to allege Ms. Monson suffered any type of harm, economic or otherwise, stemming from any act by Velawcity that would be redressable by any cause of action she has asserted.  Plaintiff's claim for injunctive relief similarly fails to satisfy the injury-in-fact requirement because she alleges no harm attributable to Velawcity that is either imminent or likely to occur at any point in the future.  Plaintiff additionally lacks standing to assert claims under the Texas's Prohibited Barratry statute because Plaintiff, a Louisiana resident who claims to have been subject to tortious conduct in Louisiana, has never been subjected to a harm or injury associated with Velawcity in Texas and alleges no plausible basis for the application of Texas law. *See* TEX. BUS. & COM. CODE §§ 17.41 *et seq*.  Thus, Plaintiff's claims against Velawcity should be dismissed in their entirety for lack of subject matter jurisdiction.

Alternatively, Plaintiff has failed to plead sufficient facts to state a claim for Prohibited Barratry against Velawcity.  Plaintiff asserts a claim against Velawcity under the Texas statute for prohibited barratry.  But the conduct alleged does not show that she was either a client wishing to void a contract procured in violation of the Texas Disciplinary Rules of Professional Conduct section 7.03 or Tex. Penal Code section 38.12, or a person solicited by conduct violating the same rules, Tex. Gov't Code § 82.0651(a), (c), at least one of which is required to state a claim for

barratry. This Court therefore should dismiss the claims against Velawcity for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Finally, Plaintiff's class action allegations must be dismissed as the allegations cannot satisfy Rule 23(b)(3)'s requirement that common issues of law and fact predominate over questions affecting individual members. By its nature, a barratry claim leads to a number of individualized questions related to each of the individual class members. Therefore, this Court should at minimum dismiss the class allegations on the face of the pleadings.

## II.     12(B)(1) MOTION TO DISMISS

### A.     LEGAL STANDARD FOR ARTICLE III STANDING.

Article III of the U.S. Constitution limits the federal courts' jurisdiction to "cases" and "controversies." U.S. CONST. ART. III, § 2. "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "A case is properly dismissed for lack of subject matter jurisdiction when [a federal] court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). The party invoking federal jurisdiction bears the burden of demonstrating . . . standing. *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021). A plaintiff's burden is to establish Article III standing against each defendant. *See Richard v. Flowers Foods, Inc.*, No. 15-02557, 2016 U.S. Dist. LEXIS 153446, at *10 (W.D. La. Oct. 13, 2016). To carry that burden, a plaintiff must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation," including at the pleading stage. *Lujan*, 504 U.S. at 561.

To have standing under Article III, a plaintiff must satisfy a three-prong showing: (1) injury-in-fact; (2) a traceable causal connection between the injury and the conduct complained

of; and (3) that it is likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561.

"The first prong of the plaintiff's burden, focuses on whether the plaintiff suffered harm, the second focuses on who inflicted that harm, and the third focuses on whether a favorable decision will likely alleviate that harm." *Bradix v. Advance Stores Co.*, No. 16-4902, 2016 U.S. Dist. LEXIS 87368, at *5-8 (E.D. La. July 5, 2016) (citing *Lujan*, 504 U.S. at 560-61); *see also Bellow v. United States HHS*, No. 1:10-CV-165, 2011 U.S. Dist. LEXIS 64903, at *15 (E.D. Tex. 2011). "Although all three elements are required for Article III standing, the injury-in-fact element is often determinative." *Bradix*, 2016 U.S. Dist. LEXIS 87368 at *7-8 (citing *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009) and *Green v. eBay*, No. 14-1688, 2015 U.S. Dist. LEXIS 58047, 2015 WL 2066531 at *3 (E.D. La. May 4, 2015)).

In the class action context, "for each named defendant, at least one named plaintiff must have standing to sue." *Daves v. Dallas Cnty.*, 22 F.4th 522, 542 (5th Cir. 2022) (citing *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) and *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012)).

**B.      PLAINTIFF'S CLAIMS AGAINST VELAWCITY SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING.**

Plaintiff has failed to carry her burden as to each of the three elements of standing, and each failure independently justifies dismissal under Rule 12(b)(1).

### 1. *Plaintiff fails to plead an injury in fact.*

To plead injury-in-fact, Plaintiff must plead an injury that is concrete, particularized, and actual or imminent, not merely conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct.

4

at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1).  As for concreteness, "[a] concrete injury must be de facto; that is, it must actually exist." *Id.* (internal citations and quotation marks omitted).  In other words, it must be "real, and not abstract." *Id.* (internal citations and quotation marks omitted).  Because an injury-in-fact cannot be conjectural or hypothetical, mere "[a]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409.

Finally, in the class action context, the standing requirement is not lessened for a named, individual plaintiff. *See, e.g., Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. Unit A July 1981).  "To demonstrate they have standing, named plaintiffs in a class action suit must meet every element of standing as to each defendant, including alleging that they were injured by each defendant named in the suit." *Joaquin v. Coliseum, Inc.*, 2016 U.S. Dist. LEXIS 174834, at *5 (W.D. Tex. Dec. 19, 2016) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 856 (E.D. La. 2008)).  Thus, to establish standing, Plaintiff must point to a legally redressable injury that Defendant Velawcity caused to Plaintiff Monson personally, not an injury that Velawcity caused to a putative class member.

Here, the Complaint does not even allege that Plaintiff has suffered any actual injury—like a loss of money or loss of the ability to bring a claim due to the statute of limitations (or its Louisiana civil law analog, liberative prescription)—attributable to any conduct by Velawcity. Plaintiff fails to allege that Velawcity's contact with her caused even a hypothetical injury. Because a plaintiff must have already suffered an injury-in-fact to have Article III standing in a case for damages, Plaintiff's claim against Velawcity should be dismissed.

Plaintiff has also failed to allege any risk of future harm that can confer standing.  In *TransUnion*, the Supreme Court clarified the standard that a plaintiff must meet when seeking to establish standing based on a potential future injury. *See* 141 S. Ct. at 2210.  In assessing whether

a risk of future harm might constitute an injury-in-fact under Article III, the Supreme Court distinguished between claims seeking injunctive relief and claims seeking monetary damages, finding that in a suit for damages, the mere risk of future harm, without more, cannot qualify as a concrete harm sufficient to establish standing. *Id.* at 2211. Instead, the Supreme Court held that a plaintiff must show that the harm ***actually materialized***. *Id.*

In reaching its conclusion, the Supreme Court likened the statutory violation underlying the TransUnion plaintiffs' claimed injuries to the common-law tort of defamation and explained that "there is 'no historical or common-law analog where the mere existence of inaccurate information, absent dissemination, amounts to concrete injury.'" *Id.* at 2209 (quoting *Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 879 F.3d 339, 344 (D.C. Cir. 2018)). In rejecting the argument that the risk of some future disclosure of a credit report could serve as a concrete harm constituting an injury-in-fact satisfying Article III, the Supreme Court agreed with the argument the Court in *TransUnion* advanced:

> [I]f an individual is exposed to a risk of future harm, time will eventually reveal whether the risk materializes in the form of actual harm. If the risk of future harm materializes and the individual suffers a concrete harm, then the harm itself, and not the pre-existing risk, will constitute a basis for the person's injury and for damages. If the risk of future harm does not materialize, then the individual cannot establish a concrete harm sufficient for standing[.]

*TransUnion*, 141 S. Ct. at 2211 (emphasis in original).

Similarly, in this case, Plaintiff has not alleged any current harm as a result of Velawcity's contact with her, so it can only be assumed that she relies on a risk of future harm to herself. Further, Plaintiff cannot rely on allegations referring to injuries of class members without any allegations of concrete injury to the named Plaintiff, whether associated with a claim for monetary or injunctive relief. The Complaint's vague allegations are insufficient to plead an injury-in-fact. This inadequacy alone is fatal to Plaintiff's claim.

**2. *Plaintiff fails to plead a causal connection between any alleged injury and any conduct by Velawcity.***

Plaintiff has not only failed to allege any injury to herself by any Defendant, but also any causal connection between the class members' alleged injuries and any action by Velawcity.  The only concrete injuries alleged in the Complaint corresponds to the "Apex scheme" and MMA's actions (and those injuries are inapplicable to named Plaintiff since she had no contact with Apex). To the extent Plaintiff had alleged contact between putative class members and Velawcity that caused injury, that is not enough to confer Article III standing as to Velawcity—rather, Plaintiff must meet each prong of the standing test as to each Defendant. *See Joaquin*, 2016 U.S. Dist. LEXIS 174834, at *5.  Here, there simply is no showing of a "case and controversy" between Plaintiff and Defendant Velawcity, nor the putative Class Members and Defendant Velawcity. This deficiency alone is fatal to Article III standing, but Plaintiff has also failed to plead redressability.

**3. *Plaintiff fails to plead facts showing that it is likely that any injury to her would be redressed by a favorable decision.***

While she seeks money damages, Plaintiff has not pleaded an injury-in-fact, thus it follows that there is no injury that the Court could redress.  This is precisely why "the injury-in-fact element is often determinative" of Article III standing.  *Bradix*, 2016 U.S. Dist. LEXIS, at *7-8.  Without an injury-in-fact, there can be no redress.

**4. *Plaintiff lacks standing to seek injunctive relief against Velawcity because Plaintiff fails to plead a likelihood of substantial and immediate irreparable injury.***

Furthermore, Plaintiff lacks standing to seek the injunctive relief against Velawcity that is requested in the Complaint. Compl., "Prayer" section at (c), pp. 26–30.  To have standing to sue for injunctive relief, in addition to meeting the normal requirements of Article III standing, a party must also "demonstrate either continuing harm or a real and immediate threat of repeated injury in

the future." *Funeral Consumer Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 342 (5th Cir. 2012). A federal court plaintiff does not have standing to obtain injunctive relief unless she shows a "real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). A conjectural or hypothetical threat of future injury is not enough. *See Whitmore v. Arkansas*, 110 S. Ct. 1717, 1723 (1990). A reasonable showing of a "sufficient likelihood" that the plaintiff will again be injured is necessary. *Lyons*, 461 U.S. at 111.

To establish an actual controversy in this case warranting injunctive relief, Plaintiff would have had to allege not only that Velawcity's actions injured her, but also that there is a "sufficient likelihood" that she would be injured again by Velawcity's actions in the future.

Here, Plaintiff fails even to allege a legally cognizable threat of future harm. Surely it is no secret that MMA has been sanctioned by two federal magistrates, has seen a partner suspended temporarily from the practice of law, has been the subject of a Cease-and-Desist Order by the Louisiana Insurance Commissioner, and has been referred to the Eastern and Western Districts of Louisiana for further discipline as a result of the underlying conduct alleged by Plaintiff. Compl. ¶¶ 79–89; *see also* Memorandum Order, *In Re: McClenny, Moseley & Assocs. PLLC*, No. 22-cv-04277-JDC-KK      (W.D.      La.      Mar.      4,      2023), https://www.propertyinsurancecoveragelaw.com/files/2023/03/FILE_2097.pdf. Well before the filing of this putative lawsuit, counsel for MMA publicly informed Judge North in one of the underlying proceedings that MMA and Velawcity have discontinued their business in Louisiana as it relates to the conduct alleged by Plaintiff in this action. *See* Transcript of March 3, 2023

Hearing in *Franatovitch v. Allied Trust Insurance Company*, No. 22-2252 (W.D. La. March 3, 2023), a true-and-correct copy attached hereto as Exhibit "A."

Defendant William Huye, one of two MMA attorneys admitted in Louisiana, has been suspended from the practice of law on an interim basis, "pending further orders" of the Louisiana Supreme Court.   Order, *In Re Richard William Huye III*, No. 2023-B-0277 (La. 3/3/2023), https://www.ladb.org/DR/?tab=SC&DocID=9934#.   The MMA firm no longer lists any Louisiana attorneys on its website. *See Our Team*, McClenny, Moseley & Assocs., (last visited March 31, 2023), mma-pllc.com/our-team.   The past and potential future sanctions and disciplinary orders against the MMA firm, coupled with the discontinuance of MMA's business dealings with Velawcity in Louisiana, make it extremely unlikely that Plaintiff will be subject to any future harm due to any conduct by Velawcity.   Certainly, Plaintiff has presented no pleading allegation to the contrary.   In short, the alleged activity set forth in the Complaint has already been addressed and ended. The threat of injury the Complaint implicates is conjectural or hypothetical at best.   Plaintiff has failed to meet the burden of proof imposed on her under the law of showing the likelihood of future recurrence of the kind complained of.

Plaintiff's Complaint not only fails to plead that Ms. Monson suffered an injury-in-fact from  any alleged tortious activity committed by Velawcity, but it also fails to make a "credible assertion" that conduct creating a legally cognizable injury is likely to happen in the future. *See Lyons*, 461 U.S. at 105–06.  Plaintiff cannot establish Article III standing to seek injunctive relief against Velawcity.

### C.   PLAINTIFF'S TEXAS BARRATRY CLAIM SHOULD BE DISMISSED FOR THE INDEPENDENT REASON THAT IT DOES NOT APPLY TO HER CLAIM.

Plaintiff fails to justify invoking Texas law in lieu of that of Louisiana, the state in which she resides, owns property, and was allegedly subject to tortious conduct. (Compl. ¶¶1, 10). She

thus cannot begin to explain how any injury under that statute would accrue to her, much less how this Court could properly be approached to redress it.

In *In re HSBC Bank, USA, N.A.,* 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014), two named plaintiffs—who either resided in or had significant connections to New York and California—asserted state law claims under the consumer protection and unfair trade practices acts of a dozen other states in which the plaintiffs had never lived or resided. In considering the standing of the named plaintiffs, the court held that "Plaintiffs may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to that state." *Id*. at 49 (citing *Simington v. Lease Fin. Grp., LLC*, No. 10 Civ. 6052, 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012)). The *HSBC* court found persuasive "the numerous cases holding that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where the named plaintiffs have never lived or resided." *Id.* (citing cases). Based on these authorities, the HSBC court held that the plaintiffs lacked standing to bring claims under state laws to which they had "not been subjected—that is, those states aside from California and New York." *Id.*

Here, as in *HSBC*, Plaintiff has not alleged any connection with any state other than Louisiana and therefore lacks standing to bring her Texas claim. "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Mahon v. Ticor Title Ins*., 683 F.3d 59, 64 (2d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Accordingly, Plaintiff's claim under the Texas Barratry law should be dismissed for lack of standing.

### III.   12(B)(6) MOTION TO DISMISS

#### A.   STANDARD FOR DISMISSAL

Rule 12(b)(6) authorizes dismissal of an action if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555.  In ruling on a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of the plaintiff's complaint and draw all reasonable inferences in plaintiff's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the plaintiff must plead specific facts, and the Court "will not accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief  that is plausible on its face." *Id.* at 570.  When plaintiffs "have not nudged their claims across the line from conceivable to plausible their complaint must be dismissed." *Id.*; *accord Iqbal*, 556 U.S. at 678.

#### 1.   *Plaintiff's Barratry Claims Fail as A Matter of Law.*

The barratry causes of action against Velawcity fail to state a claim under which relief can be granted because the claim is ***only*** available to (1) a ***client*** wishing to void a contract procured in violation of the Texas Disciplinary Rules of Professional Conduct section 7.03 or Texas Penal Code section 38.12, or (2) a person solicited by conduct violating the same rules. Tex. Government Code section 82.0651(a), (c).

11

Here, Plaintiff makes only vague and conclusory allegations regarding barratry.  First, she does not allege that she had a contract for legal services with MMA.  Plaintiff herself alleges that "a 'representative' of MMA called Plaintiff and attempted to have her sign an online retention agreement, which Plaintiff did not complete." *See* Compl. at ¶34.  This indicates that there was no existing client relationship and no contract to be voided. *See Neese v. Lyon*, 479 S.W.3d 368, 385 (Tex. App.—Dallas 2015, no pet.) (affirming summary judgment against barratry claims because the clients failed to "prove that the lawyer 'procured' a legal-services contract due to [a violation of the laws or disciplinary rules regarding barratry]," which legal-services contract is defined as "a contract whereby an attorney agrees to provide legal services to a client for a fee or other consideration.").  Plaintiff thus cannot sue for barratry as a client to void a contract where none exists.

Second, Plaintiff's allegations that Velawcity solicited her are not only conclusory at best, but also fail to adequately allege that the means used violate state law or the rules of professional conduct governing barratry. *See* Tex. Gov't Code § 82.0651; *see also* Texas Penal Code § 38.12; Tex. R. Prof. Conduct § 7.03.  The rules referenced in the Texas Barratry statute apply to conduct by Texas attorneys or on behalf of Texas attorneys in the State of Texas.  To be clear, Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas applies to Texas licensed attorneys whose alleged conduct occurred in Texas.  In contrast, the Louisiana Rules of Professional Conduct regarding advertising and marketing vastly differ from the Texas rules. Therefore it makes no sense that the Texas Rules of Professional Conduct would apply to out-of-state conduct.

Moreover, Velawcity is not a law firm but a marketing services firm and the Texas Rules of Professional Conduct only apply to attorneys.  Furthermore, as explained below, the Texas Barratry statute cannot apply extraterritorially to the Louisiana conduct.

### 2.  The Texas Barratry Statute Does Not Apply Extraterritorially.

This Complaint should additionally be dismissed as the Texas Barratry statute does not apply extraterritorially and the named Plaintiff seeks to represent a class of Plaintiffs **in Louisiana**. Extraterritorial application of Texas law requires a legislative intent, and that simply does not exist with respect to section 82.0651, the Texas civil barratry law. *See Coca-Cola Co. v. Harmar Co.*, 218 S.W.3d 671, 682 (Tex. 2006)(a statute will not be given extraterritorial effect by implication but only when such intent is clear).  Indeed, it is far from clear if Texas purports to apply its proscription outside of its own borders when it comes to the act of barratry.  Because Plaintiff does not reside in Texas, Texas' civil barratry law does not apply to her claims.  Accordingly, Plaintiff has not alleged a necessary element of a civil barratry claim, and her barratry claim should be dismissed for failure to state a claim.

## IV.   THE COURT SHOULD STRIKE PLAINTIFF'S PROPOSED CLASS DEFINITION AND DISMISS THE CLASS ALLEGATIONS.

Even if this Court denies Velawcity's request for dismissal of the claims against it, Velawcity requests this Court deny class certification because a barratry cause of action requires a very individual, fact-specific analysis.

Texas courts apply a Rule 12(b)(6) standard not only when evaluating a traditional motion to dismiss for failure to state a claim, but also when considering whether to strike class allegations. *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1042–43 (S.D. Tex. 2016). Where it is facially apparent from the pleadings that a purported class is deficient under Rule 23(a), a district court may dismiss the class allegations on the pleadings. *John v. Nat'l Sec. Fire & Cas. Co.*, 501

F.3d 443, 445, 445 n.4 (5th Cir. 2007).  "[A] court may deny class certification even before the plaintiff files a motion requesting certification." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011); *John*, 501 F.3d at 445; *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009) ("A defendant may move to deny class certification before a plaintiff files a motion to certify a class").  By dismissing claims that cannot satisfy Rule 23 or otherwise fail for class purposes, the court tailors the discovery process to only legally viable claims, saving the court and the parties time and resources.  Such narrowing is appropriate in this case.

Plaintiff's claims on behalf of the purported Class should be stricken based on the pleadings because (i) the class definition is improperly overbroad and (ii) class Plaintiffs cannot satisfy the predominance requirement under Rule 23(b)(3) because individualized issues concerning whether a class member entered a contract with Velawcity, whether he or she was solicited to enter into a contract, whether the people paid to solicit for the law firms solicited each class member, injuries, and damages will predominate over common questions of law or fact.

### A.     PLAINTIFF'S PROPOSED CLASS DEFINITION IS FATALLY OVERBROAD.

Plaintiff's proposed class definition is improperly overbroad and therefore unascertainable. In the Fifth Circuit, "it is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970).  A class is sufficiently defined and ascertainable when it is "readily identifiable so that the court can determine who is in the class, and thus, who is bound by the ruling." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 298 (W.D. Tex. 2007).  A purported class fails to meet this standard when it is overly broad due to the "potential unfairness to the class members bound by the judgment if the framing of the class is overbroad." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  "[C]ourts may find a class definition overly broad where the putative class contains members lacking Article III standing or where the class encompasses

14

persons who have not suffered any injury." *M.D. v. Perry*, No. C-11-84, 2011 WL 2173673, at \*4

(S.D. Tex. June 2, 2011) (internal quotation marks and alterations omitted), *rev'd and vac'd on*

*other grounds*, 675 F.3d 832 (5th Cir. 2012).

Here, Plaintiff's purported class definition is improperly overbroad because it includes

members that have no contact with Velawcity at all and thus cannot allege an injury.  Similarly,

the Class includes members that have had no contact with Apex Roofing, such as the named

Plaintiff, herself. Plaintiff's class definition contains proposed members who lack Article III

standing because they suffered no injury at all, no injury pursuant to conduct by Velawcity, or no

injury due to conduct by Apex Roofing. Accordingly, Plaintiff's improperly overbroad definition

renders the putative class unascertainable and they should be stricken.

### B.   PLAINTIFF'S PROPOSED CLASS COULD NOT POSSIBLY MEET THE PREDOMINANCE REQUIREMENTS UNDER RULE 23(B)(3).

The Court should strike Plaintiff's class allegations because, as pleaded, Plaintiff cannot

satisfy Rule 23(b)(3)'s requirement that common issues of law and fact predominate over questions

affecting individual members. "If an action satisfies the prerequisites of Rule 23(a), the court then

must determine whether 'the questions of law or fact common to class members predominate over

any questions affecting only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy.'" *Dvorin v. Chesapeake*

*Explor., LLC*, No. 3:12-cv-3728-G, 2013 WL 6003433, at \*3 (N.D. Tex. Nov. 13, 2013) (citing

Fed. R. Civ. p. 23(b)(3)).

The class definition includes "all persons who were solicited by Defendants" to enter a

contract with MMA, regardless of whether they actually did so.  One individualized issue will be

whether each class member entered into a contract, as that variable affects the elements required

to prove a civil barratry claim.  Under the civil barratry statute, each class member must prove that

he or she was "solicited" to enter into a contract "by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas." Tex. Gov't Code Ann. § 82.0651(c).  In addition, each class member who did not enter into a contract must prove that the contract "was procured as a result of conduct violating" Rule 7.03. *Id*. at § 82.0651(a).  Rule 7.03, subsection (b) prohibits a lawyer from paying or offering to pay a non-lawyer from soliciting prospective clients for the lawyer, while subsection (d) prohibits the lawyer from entering into an agreement for employment obtained in violation of subsection b. *See* Tex. Disciplinary Rules Prof'l Conduct R. 7.03.

"[T]o meet these standards, each class member will be required to provide individualized evidence that he or she was 'solicited by'—that is, actually received a request from—a non-lawyer . . . to enter into a . . . contract." *Texas Law Shield v. Crowley*, 513 S.W.3d 582, 589 (Tex. App.—Houston [14th] 2016, no pet.).  Plus, "each will need to show that the solicitation violated Rule 7.02, which requires (among other things) individualized proof that the class member did not seek information from [Velawcity, Apex Roofing] or [MMA] about the contract." *Id*.  Furthermore, "the phrase 'procured as a result of' requires a member of the plaintiff class suing under subsection (a) of the civil barratry statute to establish that [defendants] obtained a signed [] contract from him or her as a result of conduct that violate Rule 7.03(b). *Id*. at 590 (citing *Neese v. Lyon*, 479 S.W.3d 368, 385 (Tex. App.—Dallas 2015, no pet.) (holding that the Texas civil barratry statute "requires a client to prove more than that the defendant violated the laws or disciplinary rules regarding barratry . . . . The client must also prove that the lawyer 'procured' a legal-services contract due to such conduct.")).  Ultimately, the court in *Crowley* repeatedly held that the standard applicable to the Texas civil barratry contract "focuses not only on the lawyer and the person hired to solicit for the lawyer, but also on each individual class member alleging barratry." 513 S.W. at 590–91.  Also

16

explained in *Crowley*, in the context of a Texas barratry cause of action "[i]ndividual issues will also arise regarding the conduct of the people paid to solicit for [MMA]: in particular, whether they solicited each class member." *Id*. at 591.

In short, the Court in *Crowley* held that the trial court abused its discretion when it certified a class action against two law firms and its partners because the class did not meet the predominance requirement, as most of the trial court's and the litigants' time would be spent trying to resolve individual issues under Texas Government Code section 82.061 and Texas Disciplinary rule of Professional Conduct 7.03, including whether particular contracts were procured as a result of the challenged conduct, whether each class member entered into a contract, whether he or she was solicited to enter into a contract, whether the people paid to solicit for the law firms solicited each class member, and whether each class member sought advice regarding membership in the law firms' program.

Similarly, in *Kondos v. Lincoln Prop. Co.*, a class action alleging receipt of unsolicited faxes, the court held that individual issues predominated where the question of whether each class member did or did not give permission to transmit faxes would be the object of most of the litigants' efforts. 110 S.W.3d 716, 721–22 (Tex. App.—Dallas 2003, no pet.).

Here, like *Crowley*, the class Plaintiffs bring a cause of action under the Texas civil barratry statute, which by its nature, requires the Court to make numerous individualized inquiries, which is not proper for a class action. Accordingly, this Court should strike the Class allegations in their entirety.

## V.     CONCLUSION

For all the foregoing reasons, Defendant Velawcity respectfully requests that Plaintiff's claims against Velawcity in the Complaint be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

17

Respectfully submitted,

By:  */s/ David J. Schenck*

David J. Schenck
Attorney-In-Charge
State Bar No. 17736870
Fed. Id. #330018 Southern District of Texas
Email: dschenck@dykema.com
Clay A. Cossé
State Bar No. 24071246
Fed. Id. #1635439 Southern District of Texas
Email: ccosse@dykema.com
Alexandra M. Twiss
State Bar No. 24082511
Fed. Id. #3556689 Southern District of Texas
Email: atwiss@dykema.com
Alexandria R. Rahn
State Bar No. 24110246
Fed. Id. #3708968 Southern District of Texas
Email: arahn@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Ste. 4200
Dallas, TX 75201
Telephone:  214.462.6400
Fax:  214.462.6401

ATTORNEYS FOR DEFENDANT
Tort Network LLC d/b/a Velawcity

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2023, the foregoing document was filed with the Court via the Court's CM/ECF system and served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ David J. Schenck*
David J. Schenck

18