IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MONSON, individually and on behalf of others similarly situated | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO: 4:23-cv-00928 |
| Plaintiff, | | |
| v. | | |
| MCCLENNY, MOSELEY & ASSOCIATES, PLLC; JAMES MCCLENNY; JOHN ZACHARY MOSELEY; TORT NETWORK, LLC; AND APEX ROOFING AND RESTORATION, LLC | | |
| Defendants. | | |

**REPLY IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST
TORT NETWORK, LLC d/b/a VELAWCITY**

Article III standing requires an injury in fact. Plaintiff has alleged no more than mere aggravation paired with a groundless and inapplicable claim for statutory penalties. United States Supreme Court and Fifth Circuit case law roundly reject that aggravation plus statutory penalties equals standing. Further, Plaintiff impermissibly seeks to apply Texas law extra-territorially, and the allegations do not even rise to violations of Texas law.

**I.  12(B)(1) – PLAINTIFF STILL DOES NOT ALLEGE AN INJURY IN FACT.**

Plaintiff seeks to evade Article III's injury-in-fact requirement by seeking only statutory penalties. The United States Supreme Court and the Fifth Circuit have disposed of such arguments. In *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), for example, the Supreme Court foreclosed the argument that a mere technical statutory violation creates Article III standing:

Article III standing requires a concrete injury even in the context of a statutory violation." Congress's creation of a statutory prohibition or obligation and a cause of action ***does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III . . . an injury in law is not an injury in fact***.

(Emphasis added.) The same would be true under Texas state law, if it even applied to the Louisiana conduct and Arizona defendant in this case. *Nephrology Leaders v. Am. Renal Associates,* 573 S.W.3d 912, 915 (Tex. App.—Houston [1st Dist.] 2019).

Further, generalized confusion, aggravation, fear, anxiety, or invasion of privacy are not sufficient to establish standing. *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 825-26 & n.7 (5th Cir. 2022 (confusion not a concrete injury under Article III" (citing *Garland v. Orlans, PC*, 999 F.3d 432, 435 (6th Cir. 2021) (generalized fear and anxiety insufficient)); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020) (aggravation insufficient); *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021) (perfunctory allegations of emotional distress insufficient).

Plaintiff's entire argument focuses on alleged injuries "in law." It completely fails to address Article III's injury-in-fact requirement. Plaintiff's allegations are analogous to the many FDCPA cases like *TransUnion* and *Perez* in which the courts have found there was no standing. Both the FDCPA and the Texas barratry statute allow for actual damages and statutory penalties. *Cf.* 15 U.S.C. § 1692k and Texas Gov't Code § 82.0651(d). The FDCPA case law makes clear that injury in fact is not satisfied by the pursuit of merely available statutory penalties. *See e.g. Perez*, 45 F.4th at 825. That case law by analogy bars Plaintiff's claims here. *See also Nephrology Leaders,* 573 S.W.3d at 915.

Indeed, the putative class representative Monson and the putative class in this case are similar to the putative FDCPA class in *Flecha v. Medicredit, Inc.*:

> [T]there are undoubtedly many unnamed class members here who lack the requisite injury to establish Article III standing. After all, the putative class sweeps in "all persons in Texas . . . who received a form collection letter" from [the FDCPA defendant]. As a result, the putative class inevitably includes people who received the letter, but ignored it as junk mail or otherwise gave it no meaningful attention—and therefore lack a cognizable injury under Article III.

946 F.3d 762, 768-69 (5th Cir. 2020). Plaintiff may have given Velawcity's communications no meaningful attention. Or she may have sustained generalized confusion, anxiety, or aggravation from them. Either way, she has not pleaded an injury in fact.

Plaintiff also fails to justify invoking Texas law in lieu of that of Louisiana, the state in which she resides and was subject to alleged conduct. (Compl. ¶¶1, 10). Plaintiff has not even alleged a connection with any state other than Louisiana. This alone should be fatal to her assertion of claims under Texas law. *See In re HSBC Bank, USA, N.A.,* 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014); *Mahon v. Ticor Title Ins.*, 683 F.3d 59, 64 (2d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Nevertheless, Plaintiff's standing claim relies on application of the Texas civil barratry statute to alleged out-of-state solicitations by non-Texans directed at non-Texans merely because a Texas lawyer purportedly benefited.

The dormant Commerce Clause likely bars Texas's barratry statute from applying extra-territorially under these facts. *See Comptroller of the Treasury v. Wynne*, 135 S. Ct. 1787, 1794 (2015) (quoting *Okla. Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 179 (1995)). But even if Plaintiff's claims could survive both the dormant Commerce Clause and a conflict of law analysis, the Texas Supreme Court has made clear that "no State can legislate except with reference to its own jurisdiction." *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 680 (Tex. 2005) (quoting *Bonaparte v. Tax Court*, 104 U.S. 592, 594 (1881)). Texas law requires clear legislative intent for extra-territorial application. *Willis v. Missouri Pac. Ry. Co.*, 61 Tex. 432, 434 (Tex. 1884). There is no such clear intent in the barratry statute. TEX. GOV'T CODE § 82.0651(a); TEX.

DISC. R. PROF'L COND. 7.03; TEXAS PENAL CODE § 38.12; TEXAS PENAL CODE § 1.04; *Lee v. State*, 537 S.W.3d 924, 926 (Tex. Crim. App. 2017).

## II.    12(B)(6) – PLAINTIFF HAS NOT ALLEGED FACTS THAT STATE A PLAUSIBLE CLAIM.

The Texas barratry statute provides a right to be free of solicitation under specified provisions of Texas Penal Code section 38.12 and Texas Disciplinary Rule of Professional Conduct 7.03. TEX. GOV'T CODE § 82.0651. *Nguyen v. Watts*, 605 S.W.3d 761, 782-83 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (emphasis added). Plaintiff's allegations—even taken as true—do not rise to the level of a "solicitation."

"Solicitation" requires contact in "a live, interactive manner … by telephone or other electronic means." TEX. D. R. 7.03, cmt. 6. However, 40 years of First Amendment case law make clear that attorney solicitation laws cannot constitutionally go beyond barring "face-to-face" interaction. *Shapero v. Kentucky State Bar,* 486 U.S. 466 (1988) (striking down solicitation rule that went beyond barring face-to-face interaction); *and see, e.g. Naquin v. Rodriguez (In re Rodriguez)*, Nos 18-33830-hdh7, 19-03024, 2020 Bankr. LEXIS 3242, at *8–9 (Bankr. N.D. Tex. Nov. 16, 2020). Plaintiff has not alleged that any face-to-face interaction occurred here.

Further, as set forth above, there is absolutely no basis for applying Texas law extra-territorially, and the dormant Commerce Clause, conflicts of law principles, and even Texas law do not support applying the Texas barratry statute as between a Louisiana plaintiff and an Arizona non-attorney. Plaintiff attempts to shoe-horn a Texas law into Louisiana conduct involving an Arizona defendant. Plaintiff cites one case in which a Texas appeals court applied the barratry statute to Texas lawyers' out-of-state conduct. *See* Response at p. 14. Plaintiff fails to explain how imposing liability on **Texas attorneys** somehow justifies doing so as to **Arizona non-attorneys** acting in relation to a Louisiana plaintiff.

## V. CONCLUSION

Velawcity respectfully requests that Plaintiff's claims against Velawcity be dismissed with prejudice and that Plaintiff's class be stricken.

Respectfully submitted,

By: */s/ David J. Schenck*
David J. Schenck
Attorney-In-Charge
State Bar No. 17736870
Fed. Id. #330018 Southern District of Texas
Email: dschenck@dykema.com
Clay A. Cossé
State Bar No. 24071246
Fed. Id. #1635439 Southern District of Texas
Email: ccosse@dykema.com
Alexandra M. Twiss
State Bar No. 24082511
Fed. Id. #3556689 Southern District of Texas
Email: atwiss@dykema.com
Alexandria R. Rahn
State Bar No. 24110246
Fed. Id. #3708968 Southern District of Texas
Email: arahn@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Ste. 4200
Dallas, TX 75201
Telephone: 214.462.6400
ATTORNEYS FOR DEFENDANT
Tort Network LLC d/b/a Velawcity

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2023, the foregoing document was filed with the Court via the Court's CM/ECF system and served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ David J. Schenck*