IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHERINE MONSON, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MCCLENNY, MOSELEY & ASSOCIATES; JAMES MCCLENNY; ZACH MOSELEY; TORT NETWORK, LLC; APEX ROOFING & RESTORATION, LLC<br><br>Defendants. | Civil Action No. 4:23-cv-00928 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the Instructions for the Preparation of the Joint Report of the Meeting and Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure, please see below:

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred on Monday, July 3, 2023. Participating Counsel for Plaintiff and the putative class included Jonathan Lemann and Lisa Maher . Participating Counsel for Defendants included (a) Raul H. Suazo for Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley and (b) David Schenk and Clay Cossé for Defendant Tort Network, LLC d/b/a Velawcity ("Velawcity").

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

Similar litigation is pending in the United States District Court for the Eastern District of Louisiana captioned *Louis Carter, III, individually and on behalf of other Similarly Situated v. McClenny, Moseley & Associates, PLLC; John Zachary Moseley; William Huye; Tort Network, LLC; and Apex Roofing and Restoration, LLC*. Case Number 2:23-cv-00949-CJB-DPC.

The following lawsuit has also been filed: Cause No. 2023-38188; *Wayne J. Adams, et. al. v. McClenny, Mosley & Associates, et. al.*, In the 125th District Court of Harris County, Texas.

1

3.     **Briefly describe what the case is about.**

**Plaintiff's position**: This matter is brought by Plaintiff, Katherine Monson, on behalf of herself and on behalf of all those individuals similarly situated, who were the subject of concerted conduct specifically prohibited in Texas as barratry. Defendants engaged in a scheme to solicit insurance claims that Plaintiff and the putative class members have against their insurers for damages resulting from Hurricane Ida, as well as Hurricane Delta, Hurricane Zeta, Hurricane Laura, and other storm damage lawsuits from 2020 to present in which MMA is or has ever been counsel of record in any Louisiana state or federal court. Defendants' course of conduct is essentially identical as to the putative class members and is proscribed by Texas law. Defendants have admitted in federal court in the Eastern District of Louisiana that as their conduct affected hundreds of Hurricane Ida claimants and likely thousands. The Defendant lawyers have admitted in federal court in the Eastern District of Louisiana to paying as much as $13.938 million for the concerted solicitation at issue.

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley's position**: These defendants deny participating in any barratry scheme. These defendants assert that Ms. Monson never hired defendants to pursue any claim. These defendants further assert that they engaged in proper marketing arrangements with third-parties that would be consistent with the type of marketing arrangements entered in the legal industry and that it is further permitted to reach out to third-parties for the purpose of investigating claims of existing clients. These defendants deny any conspiracy, and for reasons further stated in their Motion to Dismiss (Docket Entry # 25) assert that the individual and class claims of Ms. Monson cannot be sustained. Moreover, as Ms. Monson was never a client (thus lacking standing) and barratry allegations are factually specific with several varying factors regarding the plaintiff and the details of the alleged communications, in addition to potential attorney-client privilege issues, this is not appropriate subject matter for a class action. These defendants further assert that choice of law principles should govern such that the Texas barratry statute would not apply to Ms. Monson's claims.

**Defendant Velawcity's position:** Velawcity denies that Plaintiff has satisfied Article III Standing or stated a claim upon which relief can be granted, for the reasons set forth in Velawcity's Motion to Dismiss and Memorandum in Support [ECF No. 14] and Reply Memorandum in Support of Motion to Dismiss [ECF No. 28]. Subject to and without waiving its Rule 12(b) arguments, Velawcity generally denies Plaintiff's allegations as they relate to Velawcity but would defer to any responsive pleadings it later files, if such becomes necessary.

4.     **Specify the allegation of federal jurisdiction.**

**Plaintiff's position:** This Court has jurisdiction because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28

U.S.C. § 1332(d)(2), (5). Plaintiff is a citizen of Louisiana, and the individual Defendants are citizens of Texas and the limited liability company Defendants are upon information and belief citizens of Texas, Arizona, and Alabama and otherwise not of Louisiana. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A). Furthermore, Plaintiff alleges upon information and belief that more than two-thirds of all the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than Texas and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

5. **Name the parties who disagree and the reasons.**

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley's position:** These defendants agree that jurisdiction would exist in the event a class is certified under CAFA. However, in the event one is not certified, then the Court would likely lack jurisdiction because Plaintiff Katherine Monson has suffered no damages, let alone any damages that would meet the amount in controversy threshold under 28 USCA Section 1332.

**Defendant Velawcity's position:** Velawcity does not dispute that the Court has jurisdiction over this matter under CAFA.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff does not anticipate including any additional parties at this time but reserves the right to add any and all joint venturers of Defendants after investigation is completed.

Neither Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley nor Defendant Velawcity anticipates adding additional parties at this time.

7. **List anticipated interventions.**

None at this time.

8. **Describe class-action issues.**

**Plaintiff's position:** Plaintiff and the putative class members were the victims of the same course of solicitation proscribed under Texas law. Defendants engaged in a concerted effort to commander Plaintiff's and others' insurance claims for Hurricane damage claims. The conduct universal to the putative class involved Defendant, MMA and Defendant, Velawcity entering into several "Marketing Service Agreements" on December 8, 2021, February 5, 2022, May 5, 2022, May 23, 2022, and August 2, 2022 ("MSA" or "MSAs"). In these MSAs, Velawcity stated that it would be acting as an agent of MMA to reach out to potential clients on MMA's behalf and provide potential clients with MMA's engagement letter. MMA agreed in these MSAs to pay Velawcity a set amount per "pre-screened potential client" that was "delivered" to MMA. In total, through these Marketing Service Agreements, MMA paid Velawcity a minimum of $13,938,000 for at least 4,628 clients. These MSAs were executed by Velawcity and MMA in Texas. To deliver on its obligations under these MSAs, Velawcity sent out unsolicited communications to thousands of

3

individuals, including Plaintiff and those similarly situated, via text message and other means, that the recipient has a hurricane storm damage claim pending. These communications did not contain the word "ADVERTISEMENT" or in any other way indicate that they were advertising material for MMA or MMA's services.

Through the MSAs, MMA agreed with Velawcity to perform, and Velawcity did in fact perform, improper acts of barratry and solicitation of employment for the economic benefit of MMA in violation of Texas law. MMA, and its principals, knowingly compensated Velawcity for its performance of barratry and solicitation of employment for MMA's economic benefit in violation of Texas law.

The Plaintiff and the putative class claim damages provided by TX GOVT § 82.0651 in the form of an award of $10,000 for each person who was solicited by the prohibited barratry and reasonable and necessary attorneys' fees. Defendants' acts and omissions were applied uniformly to all members of the putative class, so that the questions of law and fact are common.

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley's position**: These defendants assert that Plaintiff is not entitled to a class action because (a) Plaintiff was never a client of the law firm, (b) the subject matter for which a class action is sought is not appropriate for class certification, (c) Plaintiff is not an adequate class representative, (d) the barratry statute under which Plaintiff seeks class certification carries no extraterritorial effect, and (e) Plaintiff otherwise cannot meet the requirements under Rule 23 and the Class Action Fairness Act. For additional substantive grounds, see these Defendants' Motion to Dismiss (Docket Entry # 25). These defendants further assert that given the class action nature of the allegations, this case should be governed by multiple phases of litigation including: (1) a Rule 12 dismissal motion phase, (2) if the Rule 12 motions are denied, then there should be a period of time for all defendants to file answering statements after which time a class certification phase would commence wherein the parties conduct discovery regarding the propriety of class certification in advance of a class certification hearing, and that time period would likely last approximately 6 months at the least (3) if a class is not certified, the Court should likely dismiss the case for lack of subject matter jurisdiction given the failure of Plaintiff Katherine Monson to meet the amount in controversy threshold, but if a class is certified then there would need to be a notice period and merits based discovery that would likely last another 6-9 months, (4) following merits based discovery on the class, there would need to be time for dispositive motions and other procedural motions, and if the claims remain pending thereafter, the Court would schedule trial thereafter. These defendants further agree with and adopt Defendant Velawcity's position on this topic.

**Defendant Velawcity's position:** Velawcity denies that Plaintiff has satisfied Article III Standing or stated a claim upon which relief can be granted, for the reasons set forth in Velawcity's Motion to Dismiss and Memorandum in Support [ECF No. 14] and Reply Memorandum in Support of Motion to Dismiss [ECF No. 28]. Subject to and without waiving its Rule 12(b) arguments, Velawcity generally denies Plaintiff's allegations as they relate to Velawcity but would defer to any responsive pleadings it later files, if such becomes necessary. Velawcity adopts and incorporates into this paragraph by reference the averments made by Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley in the preceding paragraph as they relate to the necessary phasing and sequencing of this class action litigation.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a).   If not, describe the arrangements that have been made to complete the disclosures.**

**Plaintiff's position:** Plaintiff anticipates providing any and all disclosures in advance of the status conference.

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley position:** These defendants agree and adopt Defendant Velawcity's position on this topic as more fully stated in the next paragraph.

**Defendant Velawcity's position:**  Velawcity requests that Rule 26(a) disclosure requirements and discovery generally be stayed pending resolution of Velawcity's Rule 12(b)(1) and (b)(6) Motion to Dismiss [ECF No. 14].  It is appropriate to stay discovery pending resolution of a motion to dismiss that raises both jurisdictional and 12(b)(6) arguments.  *Estate of Brown v. Ogletree*, No. H-11-1491, 2011 U.S. Dist. LEXIS 167422, *5 (S.D.Tex. Dec. 15, 2011) (citing *Brazos Valley Coalition for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005).  Velawcity's Motion to Dismiss involves a substantial jurisdictional challenge based on bedrock Supreme Court and Fifth Circuit jurisprudence on Article III standing.  *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2205 (2021),  *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 825-26 & n.7 (5th Cir. 2022), and *Flecha vs. Medicredit, Inc.*, 946 F.3d 762, 768-69 (5th Cir. 2020).  Velawcity also has a substantial basis for its 12(b)(6) Motion because, among other reasons, Texas law should not apply extra-territorially to a non-Texas entity for conduct that allegedly occurred in Louisiana under either (a) the dormant commerce clause, (b) conflicts of law principles, or (c) Texas law.  Velawcity therefore submits that a stay pending resolution of jurisdictional and 12(b)(6) issues is appropriate.

10.  **Describe the proposed agreed discovery plan, including**:

    A.  **Responses to all the matters raised in Rule 26(f).**

See, response to Number 9 above.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendant MMA and Defendant Velawcity as well as Requests for Admissions to both entities.  Plaintiff intends to seek the following documents:

  i.  A list of any and all persons who received an in-person, electronic, telephonic, or another form of communication from any Defendant pertaining to potential storm or hurricane damage claims from August 27, 2020 to present;
  ii. A spreadsheet setting forth every pending or settled Hurricane Laura, Hurricane Delta, Hurricane Zeta, Hurricane Ida, or other storm damage lawsuit from 2020 to present in which MMA is or has ever been counsel of record in any Louisiana state or federal court that includes Plaintiff(s)' name(s), address, telephone number and email address; the defendant/insurance carrier; and the Policy number;

    iii.    A list of lawsuits that MMA has filed on behalf of Plaintiffs in Hurricane Laura, Hurricane Delta, Hurricane Zeta, Hurricane Ida, or other storm damage cases from 2020 to present in which they do not have a contingent fee or other payment contract with the named Plaintiff(s) or the named insured(s) on the insurance policy, including the case name, docket number, home address of the insured(s) and contact information for the insured;

    iv.    A list of lawsuits that MMA has filed in Hurricane Laura, Hurricane Delta, Hurricane Zeta, Hurricane Ida, or other storm damage cases from 2020 to present in which they actually represent Apex or any other roofing or construction company – as opposed to or in addition to the named plaintiff(s) – including the case name, docket number, insured address and insured contact information if available, as well as the name of the respective roofing or construction company in each case;

    v.    A list of claims that MMA has settled for properties in Louisiana in which they represented Apex or any other roofing or construction company – as opposed to the named insured – including the insured address and insured contact information if available, as well as the name of the respective roofing or construction company in each claim;

    vi.    A list of cases/claims not yet in litigation related to Hurricane Laura, Hurricane Delta, Hurricane Zeta, Hurricane Ida, or other storm damage case from 2020 to present in which MMA has sent a Letter of Representation to any insurance company advising that company that MMA represents homeowners/named insureds when it actually/also has a retention agreement with Apex Roofing and Restoration, L.L.C. ("Apex") or some other roofing or construction company.

    C.    **When and to whom the defendant anticipates it may send interrogatories.**

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley position:** These defendants anticipate sending interrogatories to Plaintiff Kathleen Monson within 30 days after the Court rules on the Rule 12(b) Motion to Dismiss. However, as noted in Response to Item # 8, this case, with class action assertions, in the event not dismissed at the Rule 12 stage, is appropriately suited for phases of discovery given the class action nature of the issues, including phases pertaining to class certification, the class hearing, and only thereafter, merits based discovery. Indeed, the landscape of discovery would dramatically alter depending on the outcome of the Rule 12 and class certification issues.

**Defendant Velawcity's position:** Velawcity anticipates sending discovery to Plaintiff within 30 days of the Court's ruling on Velawcity's 12(b) Motion to Dismiss. Velawcity adopts and incorporates into this paragraph by reference the averments made by Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley in paragraph 8. and the preceding paragraph as they relate to the necessary phasing and sequencing of this class action litigation.

    D.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff intends to take the corporate depositions of both MMA and Velawcity. Plaintiff reserves the right to also depose Defendants Moseley, McClenny and Huye.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley position:**
At this stage, in the event a Rule 12(b) motion was denied, these defendants would depose Katherine Monson and possibly other witnesses that may be listed as persons with knowledge of relevant facts. In the event class certification is sought and permitted by the Court (which these defendants submit would not be proper for this case), then the landscape of who would be deposed would dramatically alter.

**Defendant Velawcity's position:** After resolution of its 12(b) Motion to Dismiss, Velawcity anticipates deposing Plaintiff Katherine Monson, any witnesses who have knowledge of Plaintiff's alleged interactions with Velawcity, any witnesses identified by Plaintiff, any experts identified by Plaintiff, and any witnesses with knowledge of relevant information subsequently identified in discovery.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff intends to designate an expert in ethics to address the unethical behavior of the defendant lawyers. Plaintiff reserves the right to designate further experts as may be necessary to counter any expert designation by Defendants.

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley position:**
Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley will be able to designate experts 60 days after Plaintiff designates experts. However, as noted in response to item # 8 above, the class action issues warrant a phased schedule, which makes a complete answer to this request difficult if not impossible at this stage, particularly concerning merits based experts.

**Defendant Velawcity's position:** Absent dismissal of the claims against Velawcity pursuant to Velawcity's 12(b) Motion to Dismiss, Velawcity can be prepared to designate experts 60 days after Plaintiff's expert designations. Velawcity adopts and incorporates into this paragraph by reference the averments made by Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley in paragraph 8. and the preceding paragraph as they relate to the necessary phasing and sequencing of this class action litigation.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff estimates discovery and depositions can be completed within 6 months after Answers have been filed by Defendants.

    H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley position:** These defendants will depose Plaintiff's experts. However, as noted in Response to Item # 8, this case, with class action assertions, in the event not dismissed at the Rule 12 stage, is appropriately suited for phases of discovery given the class action nature of the issues, including phases pertaining to class certification, the class hearing, and only thereafter, merits based discovery. Indeed, the landscape of discovery would dramatically alter depending on the outcome of the Rule 12 and class certification issues. This makes a complete answer to this request difficult if not impossible at this stage, particularly concerning merits based experts.

**Defendant Velawcity's position:** Absent dismissal of the claims against Velawcity pursuant to Velawcity's 12(b) Motion to Dismiss, Velawcity will depose Plaintiff's experts. Velawcity adopts and incorporates into this paragraph by reference the averments made by Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley in paragraph 8. and the preceding paragraph as they relate to the necessary phasing and sequencing of this class action litigation.

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Where there has been disagreement, it has been noted in response to each question. However, the parties generally agree that the phases of this litigation require (a) a Rule 12 dismissal evaluation stage, (b) a class certification stage where discovery pertaining to a class action could be undertaken in advance of a class certification hearing and resolution of any procedural motions impacting class certification, and then (c) if a class is certified, then merits based discovery would take place leading to dispositive motions, other procedural motions, and ultimately a trial if necessary.

12.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None other than disclosure of interested parties.

13.    **State the date the planned discovery can be reasonably completed.**

**Plaintiff's position:** Plaintiff estimates discovery and depositions can be completed within 6 months after Answers have been filed by Defendants.

**Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley position:** Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley anticipates that in the event this case remains a single plaintiff case, that discovery can be concluded in 6 months, but if this case involves class certification issues, discovery will need to be undertaken in phases. Specifically, these defendants assert, as articulated in answer to question number 8 above, that given the class action nature of the allegations, this case should be governed by multiple phases of litigation including: (1) a Rule 12 dismissal motion phase, (2) if the Rule 12 motions are denied, then there should be a period of time for all defendants to file answering statements after which

time a class certification phase would commence wherein the parties conduct discovery regarding the propriety of class certification in advance of a class certification hearing, and that time period would likely last approximately 6 months at the least (3) if a class is not certified, the Court should likely dismiss the case for lack of subject matter jurisdiction given the failure of Plaintiff Katherine Monson to meet the amount in controversy threshold, but if a class is certified then there would need to be a notice period and merits based discovery that would likely last another 6-9 months, (4) following merits based discovery on the class, there would need to be time for dispositive motions and other procedural motions, and if the claims remain pending thereafter, the Court would schedule trial thereafter.

**Defendant Velawcity's position:**  Absent dismissal of the claims against Velawcity pursuant to Velawcity's 12(b) Motion to Dismiss, Velawcity can be prepared to initiate discovery within 30 days.  Velawcity adopts and incorporates into this paragraph by reference the averments made by Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley in paragraph 8. and the preceding paragraph as they relate to the necessary phasing and sequencing of this class action litigation.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have conferred in preparing this Joint Discovery Management Plan and have broached the issue of potential settlement or alternative resolution and both parties are amenable to further discussions toward that end.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have discussed the issues with each other through counsel, and counsel have further agreed to discuss the issue with their respective clients.

16. **From the attorneys discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are discussing whether mediation would be suitable, but it is likely premature to have those discussions in any great detail given the class action nature of the allegations.

17. **Magistrate judges may now hear jury and non-jury trials.   Indicate the parties joint position on a trial before a magistrate judge.**

Plaintiff is agreeable to proceeding to trial before a magistrate judge. At this point, Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley and Defendant Velawcity are not agreeable to consenting to a magistrate.

18. **State whether a jury demand has been made and if was made on time.**

A jury demand has not been made in this case.

19. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates that a trial of this matter can be completed within 3-4 business days. Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley would agree if this is a one-plaintiff case involving solely Ms. Monson's claims. However, Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley and Defendant Velawcity cannot predict the length of the trial without knowing the class certification issues.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Pending before the Court are Motions to Dismiss filed by various defendants. It is Defendants' position that these Motions to Dismiss have been briefed fully and are ripe for ruling at or before the initial pretrial conference. Additionally, Plaintiff will be filing a Motion to Certify the Class shortly.

21. **List other motions pending.**

None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The parties certify this has been completed.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for the Plaintiff:

Robert E. Couhig, Jr.
Texas Bar No. 4877400
Couhigre@partners.com
Jonathan P. Lemann
Texas Bar No. 24054333
Southern District of Texas Bar No. 1012895
lemannjp@couhigpartners.com

Claire E. Pontier
Texas Bar No. 24095350
COUHIG PARTNERS, LLC
3250 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 588-1288
Facsimile: (504) 588-9750

Counsel for Defendants McClenny, Moseley & Associates, James McClenny, and Zach Moseley:

    Dale Jefferson
    Texas Bar No. 10607900
    Federal ID # 9116
    jefferson@mdjwlaw.com
    Raul Suazo
    Texas Bar No. 24003021
    Federal ID # 22844
    suazo@mdjwlaw.com
    Martin, Disiere, Jefferson & Wisdom, LLP
    808 Travis Street, Suite 200
    Houston, Texas 77002-5704
    Telephone:  713-632-1700

Counsel for Defendant Velawcity:

    David J. Schenck
    Attorney-In-Charge
    State Bar No. 17736870
    Fed. Id. #330018 Southern District of Texas
    Email: dschenck@dykema.com
    Clay A. Cossé
    State Bar No. 24071246
    Fed. Id. #1635439 Southern District of Texas
    Email: ccosse@dykema.com
    Alexandra M. Twiss
    State Bar No. 24082511
    Fed. Id. #3556689 Southern District of Texas
    Email: atwiss@dykema.com
    Alexandria R. Rahn

State Bar No. 24110246
Fed. Id. #3708968 Southern District of Texas
Email: arahn@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Ste. 4200
Dallas, TX 75201
Telephone:  214.462.6400
Fax:  214.462.6401

                    Respectfully submitted,

                    */s/ Jonathan P. Lemann*
                    Robert E. Couhig, Jr.
                    Texas Bar No. 4877400
                    Jonathan P. Lemann
                    Texas Bar No. 24054333
                    Southern District of Texas Bar No. 1012895
                    lemannjp@couhigpartners.com
                    Claire E. Pontier
                    Texas Bar No. 24095350

                    COUHIG PARTNERS, LLC
                    3250 Energy Centre
                    1100 Poydras Street
                    New Orleans, Louisiana 70163
                    Telephone: (504) 588-1288
                    Facsimile: (504) 588-9750

                    *Attorney for Plaintiff*

*/s/ David J. Schenck*
David J. Schenck
Clay A. Cosse'
Alexandra M. Twiss
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201
**Attorneys for Tort Network LLC d/b/a/ Velawcity**

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

*/s/ Raul H. Suazo*
Dale Jefferson
Texas Bar No. 10607900
Federal ID No. 9116
jefferson@mdjwlaw.com
Raul H. Suazo
Texas Bar No. 24003021
Federal ID No. 22844
suazo@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
**Attorneys for Defendants, McClenny, Moseley & Associates, PLLC, James McClenny, and John Zachary Moseley**

13