**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KATHERINE MONSON, individually and on behalf of all others similarly situated | § § § § § | |
| Plaintiff, | § § | Civil Action No. 4:23-cv-00928 |
| v. | § § | |
| MCCLENNY, MOSELEY & ASSOCIATES; JAMES MCCLENNY; JOHN ZACHARY MOSELEY; TORT NETWORK, LLC; EQUAL ACCESS JUSTICE FUND LP; and EAJF ESQ FUND LP | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S STATEMENT IN RESPONSE TO ORDER**
**ON AUTOMATIC STAY (REC. DOC. NO. 68)**

**MAY IT PLEASE THE COURT:**

Plaintiff, Katherine Monson, individually and on behalf of all others similarly situated, pursuant to the order of this Court, submits this Statement in Response to Order on Automatic Stay (Rec. Doc. No. 68):

**INTRODUCTION**

On May 3, 2024 a Suggestion of Bankruptcy and Notice of Automatic Stay (Rec. Doc. No. 66) was filed in relation to Defendant, McClenny, Moseley & Associates, PLLC ("MMA"). The Suggestion of Bankruptcy alleged that on April 9, 2024 MMA filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code.[1] In response, on May 8, 2024, this Court issued an Order on Automatic Stay in relation to MMA (Rec Doc No. 68). Additionally, the court ordered that the "remaining parties advise the Court, no later than May 17, 2024 whether

---

[1] See Rec. Doc No. 66, p. 1.

1

they maintain that the stay with respect to MMA should affect the continuation of this case against the other defendants." Id.

Pursuant to the Order, Plaintiff submits that this matter should continue to proceed against all remaining non-bankrupt defendants. The non-bankrupt defendants are: James McClenny, John Zachary Moseley, Tort Network, LLC d/b/a Velawcity, Equal Access Justice Fund, LP, and EAJF ESQ FUND LP.

## LAW AND ARGUMENT

### A. The Automatic Stay Does Not Apply to Non-Bankrupt Defendants

The automatic stay provided for in 11 USC §362(a) requires a stay of any judicial proceedings against the debtor. It does not apply to other non-bankrupt parties. The U.S. Fifth Circuit held in *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541,544 (5th Cir.. 1983) that the automatic stay provision does not apply to litigation co-defendants.

More recently, the Fifth Circuit has confirmed this position by noting "[b]y its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors. This Court has also noted that '[s]ection 362 is rarely, however, a valid basis on which to stay actions against non-debtors'." *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003), citing, *Arnold v. Garlock, Inc*. 278 F.3d 426, 436 (5th Cir.2001) (internal citations omitted). Despite the suggestion that an exception exists to the application of the automatic stay when, "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," it does not appear that the exception applies in this case. *Reliant Energy Services,* 349 F.3d at 825, quoting, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986).

2

Accordingly, for any of the remaining defendants to be subject to a stay, it will necessarily be in the form of a discretionary stay.  As with the automatic stay, none of the non-bankrupt defendants can carry their burden of establishing that this litigation should be stayed as to them.

### B.  A Discretionary Stay Is Not Warranted

Regardless of whether a non-bankrupt defendant seeks a stay pursuant to the automatic provisions of §362(a) or a discretionary stay under the Court's authority, the burden is on the party seeking the stay. *Beran v. World Telemetry, Inc.*, 747 F.Supp.2d 719, 723 (S.D. Tex. 2010).  The burden of proof requires demonstrating a "clear case of hardship or inequity in being required to go forward."  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d at 545, citing *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166, 81 L.Ed. 153 (1936).  Accordingly, it is incumbent upon any non-bankrupt party to provide substantial evidence that he or it is entitled to a stay.

### C.  No Defendant Can Carry The Burden Required For Issuance of a Stay

At the time of the filing of this submission, the majority of the parties have outlined their position on the stay issue.  While Plaintiff has a general understanding of the positions of the parties as to the applicability of a stay, Plaintiff reserves her right to more fully respond upon receipt of formal responses submitted to the Court.[2]

From a general perspective, the remaining defendants include to two natural persons, and three separate juridical entities.  Analysis of a potential stay to the three juridical entities, Velawcity, and the two Equal Justice Fund entities, appears to be relatively straight forward.[3]  Each of those parties maintained separate contractual relationships with MMA.  There is no indication

---

[2] Responses to the parties' submissions are required by May 31, 2024.  See p. 2 of Order,( Rec. Doc. No. 68).

[3] As noted below in the Certificate of Conference, the Equal Justice defendants agree with Plaintiff, that a stay does not apply to either of those parties.

that any of them have any other relationship with MMA outside of the scheme to improperly solicit Plaintiff and the putative class.  Each Velawcity and the Equal Justice Fund entities have claimed in filed pleadings that none had any relationship with MMA outside of the various agreements involving loans and services rendered.

Applying the standard that requires demonstration of a clear hardship in going forward necessarily goes far beyond contractual relationships.  It is critical to note that each of the remaining defendants are alleged to have separate and independent liability for violations of the barratry laws of Texas.  Agreeing to finance an improper scheme and conducting operations in furtherance of the scheme create potential liability for these defendants, regardless of whether the primary beneficiary of the alleged scheme, MMA, is not required to respond at this time.

Likewise, natural persons, McClenny and Moseley, are not entitled to a stay, even if the closeness of their relationship as former partners of MMA, exceeds that of the three other defendants.  Neither McClenny nor Moseley are entitled to an automatic stay simple because they are former partners at MMA.  *In re Pegasus Funds TFN Trading Partners, LP*, 345 S.W.3d 175, 177 (Tex. Ct. App – Dallas, 2011); see also, *Patton v. Bearden*, 8 F.3d 343, 348 (6th Cir. 1993).  It is incumbent upon McClenny and Moseley to demonstrate to this Court that there is something unique and special about their circumstances to warrant the granting of a stay.  As with the other defendants, McClenny and Moseley are also potential independently liable for violations of barratry laws.  As attorneys barred in the state of Texas, they are not limited to roles in their partnership, but are individually responsible for complying with the law.  Each still remain eligible to practice law and presumably are doing so.[4]

---

[4] A check of the State Bar of Texas identifies James Marshall McClenny as eligible to practice. https://www.texasbar.com/AM/Template.cfm?template=/Customsource/MemberDirectory/MemberDirectoryDetail. cfm&ContactID=339239.  Despite Moseley still maintaining his contact information at MMA's offices, he is also listed as eligible to practice law according to the State Bar of Texas.

**D.      An Indefinite Stay Would Be A Hardship on Plaintiff and the Putative Class**

One of the considerations that must be made by the Court as to whether a discretionary stay should apply relates to the delay caused by the stay.  "[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the "other case," in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'"   *Wedgeworth,* 706 F.2d at 545, quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982).

Under the present circumstances, there is no indication when the resolution of the MMA bankruptcy might occur.  The petition was only recently filed and while a meeting of creditors did occur, to Plaintiff's knowledge, there is no reasonable expectation as to when the bankruptcy would be complete.  The question of whether MMA is even entitled to protection of the bankruptcy laws also appears to be an open question.  Without some definitive period to be able to evaluate, granting a stay to non-bankrupt defendants would improperly delay consideration of the class claims.

**E.      Certificate of Conference**

A telephone conference was scheduled with all known counsel for May 17, 2024 at 10 am. Unfortunately, the Houston area was besieged with a significant weather event that caused widespread power and communication outages.  Counsel for James McClenny was able to participate in the call and a discussion of his position was held, wherein a stay as to McClenny will be sought.  Subsequent communication occurred with counsel for Equal Access Justice Fund, LP, and EAJF ESQ FUND LP, wherein concurrence was reached between Plaintiff and the Equal

---

https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=340567

Access defendants that a stay is not required of any of the remaining defendants.  Additionally, counsel for the Equal Access defendants made further communication to all parties by sending an email requesting each party to outline their position.  Counsel for Tort Network responded that a stay should be provided as to it.  At the time of the filing of this document, no further communication occurred as to the remaining non-bankrupt defendant, Zachary Moseley.[5]

### CONCLUSION

Plaintiff submits that none of the non-bankrupt defendants are entitled to either an automatic stay or a discretionary stay.  Plaintiff is entitled to proceed against the remaining defendants based on their own individual liability for the violation of Texas barratry law.  If in the future the stay is lifted as to MMA, it can return to defendant the matter as well.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny any request for a stay from any of the non-bankrupt defendants.

Respectfully submitted,

*/s/ Robert E. Couhig, Jr.*
Robert E. Couhig, Jr.
Texas Bar No. #04877400
Jonathan P. Lemann
Texas Bar No. #24054333
**COUHIG PARTNERS, LLC**
1100 Poydras Street, Suite 3250
New Orleans, LA 70163
Telephone: (504) 588-128
Telecopier: (504) 588-9750
couhigre@couhigpartners.com
lemannjp@couhigpartners.com

AND

---

[5] Please note that Mr. Moseley is listed as a Pro Se party, however, an email address is not provided for him on the Court's Docket Sheet.  As such, he was not included on the email notice of a scheduled conference call, but an email address was listed for him in the subsequent email by counsel for the Equal Access Defendants.

Ron A. Austin #3865318
Scott Huete #24107150
400 Manhattan Blvd.
Harvey, Louisiana 70059
Telephone: (504) 227-8100
Facsimile: (504) 227-8122
raustin@ronaustinlaw.com
shuete@ronaustinlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on May17, 2024, a true and correct copy of the foregoing motion was filed with the Court via the Court's CM/ECF system and served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Robert E. Couhig, Jr.*
Robert E. Couhig, Jr.