IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MONSON, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No: 4:23-cv-00928 |
| | § | |
| MCCLENNY, MOSELEY & ASSOCIATES; JAMES MCCLENNY; JOHN ZACHARY MOSELEY; TORT NETWORK, LLC | § § § § § § | |
| Defendants. | § | |

**MCCLENNY'S RESPONSE TO PLAINTIFF'S
STATEMENT IN RESPONSE TO ORDER ON AUTOMATIC STAY**

Defendant James McClenny (McClenny) files this response to Plaintiff's Statement in Response to Order on Automatic Stay (Dkt. 69) (the "Statement") in compliance with the Court's order setting a deadline for responsive briefing (Dkt. 68).

To avoid unnecessarily duplicative briefing, McClenny incorporates his Brief on Application of the Bankruptcy Stay (Dkt. 72) ("McClenny's Brief") fully by reference. It sets forth the reasons why a stay is proper and why this case should not proceed against McClenny. A brief response to Plaintiff's Statement is set forth below.

### DISCUSSION

**A. Plaintiff ignores the identity of interest between MMA and McClenny.**

An extension of the bankruptcy stay is proper because there is an identity of interest between MMA and McClenny. As explained in McClenny's Brief, there is an identity of

interest because MMA is statutorily liable for any judgment entered against McClenny in this case and because MMA has a contractual obligation to defend and indemnify McClenny in connection with the allegations in this lawsuit. *See* McClenny's Brief (Dkt. 72) at 4-5. This creates an identity of interest between MMA and McClenny that justifies extending the stay.

Plaintiff was on notice of the identity of interest argument and saw briefing indicating that MMA's contractual obligation to indemnify McClenny created an identity of interest between MMA and McClenny. *See* Dkt. 62 at 7-8. However, in her Statement, Plaintiff does not explain why MMA contractual obligation to indemnify McClenny does not create an identity of interest. *See generally* Statement.[1] Instead, without any analysis on this issue, Plaintiff simply makes the conclusory assertion that there is no identity of interest.

The identity of interest between MMA and McClenny is different than that claimed by Velawcity. *See generally* Dkt. 71. Here, McClenny is alleged to be a principal of MMA, acting on MMA's behalf, and Plaintiff has not alleged factual conduct by McClenny distinct from the factual conduct she attributes to MMA. *See generally* Dkt. 56. Plaintiff's only allegations linking McClenny to this lawsuit in the first place are because of his alleged status as a prior principal for MMA. *See id.* ¶ 42. Because there is an identity of interest, the Court has an independently sufficient basis to stay this case as to McClenny.

**B. <u>A discretionary stay is proper because the stay will not unfairly harm Plaintiff.</u>**

Plaintiff will not be harmed if she proceeds with her claim against other defendants, but the case is stayed with respect to McClenny. Her one claim is already stayed against

---

[1] In the Equal Justice defendants' brief, they suggest that the identity of interest exception does not apply to the debtor's "guarantors" like McClenny. *See* Dkt. 70 at 5. But this reverses the relationship. It is MMA that has an obligation to indemnify McClenny, not the other way around.

MMA, and little changes if her claim against McClenny is stayed. Plaintiff argues otherwise with incomplete quotations and by conflating any delay as cognizable damage to Plaintiff.

In the context of a discretionary stay,[2] if there is a "fair possibility" that the stay will harm Plaintiff, then McClenny "must make out a clear case of hardship or inequity in being required to go forward" to be entitled to a discretionary stay. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Plaintiff incorrectly suggests that a party must always show "hardship" by failing to include the relevant portion of the quoted language saying such a showing is only necessary if there is a "fair possibility" of the stay harming Plaintiff. *See* Statement at 3 (omitting the "fair possibility" language when quoting *Wedgeworth*).

Here, nothing indicates a "fair possibility" that a stay will harm Plaintiff, especially in light of the balancing of interests required under *Wedgeworth*. Plaintiff makes weak, unsupported allegations of hardship simply by saying that a stay would cause delay. *See* Statement at 5. Plaintiff does not explain how a delay constitutes "hardship," nor why it should be viewed as a "fair possibility" of damage required under *Wedgeworth*. *See id.*

Regardless of whether "hardship" is the same as "damage," delay alone is not sufficient to demonstrate a "fair possibility" of damage. If a delay alone was sufficient to show harm, the court, in *Wedgeworth*, would not have said that a showing of hardship is necessary only if there is a "fair possibility" of damage to the non-movant. It is axiomatic that a stay causes delay. If a delay alone constituted damage to the non-movant, a stay would

---

[2] Plaintiff, correctly, does not argue that McClenny needs to show hardship if there is an identity of interest between MMA and McClenny. *See* Statement at 3 (arguing "hardship" is required for a discretionary stay).

always result in damage to the non-movant, and it makes no sense to ever question if there is a "fair possibility" of such damage if it by definition will occur.

Additionally, Plaintiff provides no justification for thinking that a bankruptcy proceeding would take an improperly long period of time before reaching a resolution. Nor does she address whether claims could properly be consolidated in front of the bankruptcy court. *See generally* Statement. But any harm to Plaintiff from a delay would be minimal at best. Plaintiff only seeks an award of $10,000 in her favor (plus attorneys' fees). *See* Dkt. 56 at 26.[3] But she could still proceed forward and fully recover against the other defendants, some of whom concede that a stay is not appropriate with respect to them. *See generally* Dkt. 70. In any event, the Court could weigh the purported harm of a partial delay (which may not impact Plaintiff's ability to fully recover on her claim) against the expense and inefficiency of proceeding against McClenny separately from MMA.

C. **Plaintiff relies on unsupported allegations and inapplicable caselaw.**

To avoid any confusion, it is worth addressing two other issues with Plaintiff's Statement. First, Plaintiff claims that McClenny is "alleged to have separate and independent liability for violations of the barratry laws of Texas." Statement at 4. This assertion is not supported by Plaintiff's allegations. *See generally* Dkt. 56. Plaintiff's sole substantive mention of McClenny by name identifies him as a principal of MMA. *See id.* ¶ 42. That allegation is in the context of Velawcity sending communications *on behalf of MMA*, that

---

[3] Plaintiff suggests that there is a harm associated with the inability to proceed in relation to class claims. *See* Statement at 5. However, no class has been certified, nor has Plaintiff carried her burden to establish that class certification is proper. *See generally* Dkt. 62 (discussing why class certification is improper in this case). Given that no class has been or should be certified, delay in the resolution of purported class claims does not enter the equation when balancing interests as required under *Wedgeworth*.

Plaintiff alleges were sent for the benefit of and at the direction of MMA's principals. *See id.* Plaintiff may have pleaded that MMA violated barratry laws and that McClenny was a principal of MMA, but she has not alleged separate conduct by McClenny of him individually engaging in barratry. *See generally id.*

Second, Plaintiff mixes and matches cases dealing with both automatic and discretionary stays. For example, while discussing hardship and the appropriateness of a discretionary stay, Plaintiff cites two cases for the idea that a person's status as partner in a debtor entity is not sufficient to trigger application of the automatic stay. *See* Statement at 4. That proposition may be true in some contexts, like with a limited partnership. But those cases do not address the unique statutory provision imposing joint and several liability on a professional limited liability company like MMA for the actions of its principals. *See* Tex. Bus. Orgs. Code § 301.010(a). Plaintiff's allegations trigger the applicability of this statute, and the statute creates an identity of interest between MMA and McClenny.

D. **In the alternative, the Court should stay the case against McClenny to allow the bankruptcy court to weigh in.**

McClenny asserts that this Court may stay this case with respect to McClenny based on an identity of interest between MMA and McClenny or under its authority to enter a discretionary stay. The Equal Justice defendants have suggested that the bankruptcy court is the proper forum to find that there is an identity of interest between MMA and McClenny. *See generally* Dkt. 70. McClenny disagrees, but requests, in the alternative, the ability to seek relief from the bankruptcy court in the event the Court declines to stay this case with respect to McClenny.

It is undisputed that this Court has the ability to extend a discretionary stay to McClenny. The Fifth Circuit also discussed a district court (not the bankruptcy court) extending the automatic bankruptcy stay to a non-debtor based on an identity of interest shared between a debtor and non-debtor. *See Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). In discussing whether the district court properly found an identity of interest between the debtor and non-debtors, the court did not suggest that an extension of the automatic stay was per se improper because it was the district court, rather than the bankruptcy court, that made the relevant finding.

However, in the event that this Court does not find a discretionary stay to be warranted, and also finds that the bankruptcy court is the only proper forum to seek an extension of the automatic stay, McClenny respectfully requests that the Court give him the opportunity to seek relief from the bankruptcy court following a ruling from this Court.

## CONCLUSION

For these reasons, and the reasons stated in McClenny's Brief, McClenny respectfully requests that the Court either extend the application of the bankruptcy stay or impose a discretionary stay with respect to Plaintiff's claim against McClenny in this lawsuit.

Dated:  May 31, 2024.                              Respectfully submitted,

                                                   By: */s/ Jean Frizzell*
                                                       Jean Frizzell
                                                       State Bar No. 07484650
                                                       Federal ID No. 14529
                                                   **REYNOLDS FRIZZELL LLP**
                                                   1100 Louisiana, Suite 3500
                                                   Houston, Texas  77002
                                                   Email: jfrizzell@reynoldsfrizzell.com
                                                   Telephone:  (713) 485-7200
                                                   Facsimile:  (713) 485-7250

                                                   **ATTORNEY IN CHARGE FOR DEFENDANT JAMES MCCLENNY**

**OF COUNSEL**

Harris Y. Wells
State Bar No. 24106563
Federal ID No. 3402817
**REYNOLDS FRIZZELL LLP**
1100 Louisiana, Suite 3500
Houston, Texas 77002
Email: hwells@reynoldsfrizzell.com
Telephone:  (713) 485-7200
Facsimile:  (713) 485-7250

## **CERTIFICATE OF COMPLIANCE**

I certify under Court Procedures §§ 5(d)(4)(ii) & 5(d)(5), there are 1,711 words in this filing, including headings and footnotes, but excluding the caption of the case, title of the document, table of contents, table of authorities, signature blocks, and certificates.

/s/ *Harris Wells*
Harris Wells

## **CERTIFICATE OF SERVICE**

I certify that on May 31, 2024, a true and correct copy of the foregoing document was forwarded to all parties via electronic filing, facsimile, regular mail, and/or email in accordance with the Federal Rules of Civil Procedure.

/s/ *Harris Wells*
Harris Wells