United States District Court
Southern District of Texas
**ENTERED**
June 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Katherine Monson, individually and on behalf of others similarly situated, § § § § § *Plaintiff,* § § v. § § McClenny, Moseley & Associates, PLLC; James McClenny; John Zachary Moseley; Tort Network, LLC; Equal Access Justice Fund LP, and EAJF ESQ Fund LP, § § § § § § § § *Defendants.* § | Case No. 4:23-cv-00928 |

## ORDER DENYING REQUESTS FOR EXTENSION OF STAY

On May 8, 2024, this Court issued an order staying all claims against Defendant McClenny, Moseley & Associates, PLLC ("MMA"), due to MMA's filing of a voluntary petition for relief under Chapter 11. Dkt. 68; *In re MMA Law Firm, PLLC*, No. 24-31596, Dkt. 1 (Bankr. S.D. Tex. Apr. 9, 2024). At the Court's request, the remaining parties submitted filings stating their positions on whether the stay of proceedings as to MMA should affect the continuation of this case against the remaining defendants.

Only two of those defendants—Tort Network, LLC ("Velawcity") and James McClenny ("McClenny")—have argued that the claims against them

should likewise be stayed. *See* Dkt. 71; Dkt. 72; Dkt. 77. Among other contentions, Velawcity and McClenny argue that they share a sufficient "identity of interests" with MMA to warrant extending the automatic stay to them.[1] Dkt. 71 at 3; Dkt. 72 at 4-5; Dkt. 77 at 1-2. Plaintiff Katherine Monson ("Monson") and Defendants Equal Access Justice Fund LP and EAJF ESQ Fund LP (collectively, "EAJF") dispute Velawcity's and McClenny's entitlement to a stay. *See* Dkt. 75; Dkt. 78.

Notably, EAJF asserts that requests to extend the automatic stay beyond MMA should be resolved by the bankruptcy court. Dkt. 70 at 5-6; Dkt. 78 at 2-3. This Court's prior decision in *American General Life Insurance Co. v. Schahin II Finance Co. (SPV) Ltd.*, 2020 WL 3250753, at *5 (S.D. Tex. June 16, 2020), confirms that EAJF is correct.

As noted in *American General*, binding authority recognizes that "[a] bankruptcy court may invoke [11 U.S.C.] § 362 to stay proceedings against nonbankrupt co-defendants." *Id.* (quoting *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003)). Requests to extend the stay to a non-debtor therefore must be made to the bankruptcy court in the first instance. *See id.* (reaching this conclusion).

---

[1] Defendant John Zachary Mosely failed to submit any briefing regarding the stay.

Other courts within this circuit have similarly held that requests to extend § 362 protections "should be addressed to the bankruptcy court, not this Court." *See Fid. & Deposit Co. of Md. v. Tri-Lam Co.*, 2007 WL 1091311, at *3 (W.D. Tex. Apr. 9, 2007); *see also, e.g.*, *Cmty. Home Fin. Servs., Inc. v. Edwards Family P'ship, LLP*, 2013 WL 1336505, at *2 (S.D. Miss. Mar. 29, 2013) ("[T]he Bankruptcy Court must affirmatively extend section 362 protections before proceedings against non-debtors are stayed."); *Feline Instincts, LLC v. Feline Future Cat Food Co., Inc.*, 2010 WL 11530787, at *2 n.1 (N.D. Tex. Dec. 2, 2010) (non-debtors "must convince the bankruptcy court that the stay should be extended") (citing *Beran v. World Telemetry, Inc.*, 2010 WL 3909683, at *2 (S.D. Tex. Sept. 20, 2010)); *see also Everitt v. Pneumo Abex, LLC*, 703 F. Supp. 2d 630, 637-38 (S.D. Miss. 2009) (collecting authorities), *rev'd on other grounds*, 411 F. App'x 726 (5th Cir. 2011).

The foregoing authorities show that McClenny and Velawcity must present their request for stay to the bankruptcy court. In fact, Velawcity has already filed, and is awaiting a ruling, on its Motion to Extend Automatic Stay in MMA's bankruptcy case. *See In re MMA Law Firm, PLLC*, No. 24-31596, Dkt. 52 (Bankr. S.D. Tex. May 16, 2024). McClenny has also asked for an opportunity to seek a similar extension of the stay from the bankruptcy court. Dkt. 77 at 5-6.

Without addressing the merits of the parties' views on the appropriateness of extending the automatic stay, it is therefore **ORDERED** that Defendants James McClenny's and Tort Network, LLC's requests to stay the claims against them under 11 U.S.C. § 362 (Dkt. 71, 72) are **DENIED WITHOUT PREJUDICE** to seek that relief from the bankruptcy court. Unless and until such relief is granted, this suit will continue to proceed against all defendants.

Signed on June 24, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge