United States District Court
Southern District of Texas
**ENTERED**
October 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Katherine Monson, individually and on behalf of others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>McClenny, Moseley & Associates, PLLC; James McClenny; John Zachary Moseley; Tort Network, LLC; Equal Access Justice Fund LP, and EAJF ESQ Fund LP,<br><br>    *Defendants.* | Civil Action No. 4:23-cv-00928 |

## ORDER ON MOTION FOR STAY OF DISCOVERY

On September 23, 2024, Defendants Equal Access Justice Fund LP and EAJF ESQ Fund LP (collectively, "EAJF") filed a motion to stay discovery on Plaintiff Katherine Monson's claims against them until the Court determines whether to adopt the undersigned's September 19, 2024 Memorandum and Recommendation (Dkt. 89) recommending that all claims against EAJF be dismissed. Dkt. 91. Monson opposes the requested stay. Dkt. 94.

"It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings, while discovery helps a plaintiff obtain enough evidence to

succeed on the merits." *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)). Indeed, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). This is reflected, too, in Rule 26(c) of the Federal Rules of Civil Procedure, which empowers the Court to issue a protective order upon good cause shown, including to protect a party from "undue burden of expense." Fed. R. Civ. P. 26(c).

Contrary to Monson's assertions, ample good cause exists for a stay here. EAJF has already obtained a recommendation that all claims against it be dismissed, the objections will soon be briefed in full, and the Court can then determine whether to adopt the recommendation. Given the real possibility that the Court could dismiss all claims against EAJF, forcing EAJF to continue participating in discovery could create undue burden. And while Monson asserts that her current discovery requests do not pose extensive burdens, *see* Dkt. 94 at 7-8, her own brief discloses outstanding written discovery and depositions that carry obvious burdens on EAJF and impose attendant costs. This is not to mention what additional discovery Monson would be free to pursue against EAJF absent a stay.

Morrison's asserted interest in continuing discovery does not outweigh the burden to EAJF absent a stay. This is apparent from the reasons why the undersigned recommended dismissal of Monson's claims against EAJF. Contrary to Monson's position, no amount of discovery would affect the legal barriers to most of her theories, namely, that EAJF violated Rule 7.03(e) of the Texas Disciplinary Rules of Professional Conduct or Section 38.12(a)(4) of the Texas Penal Code, as a basis for recovery under the anti-barratry statute, Tex. Govt. Code § 82.0651. *See* Dkt. 89 at 8, 14-17 (concluding those theories are barred as a matter of law, based on the plain language of those provisions).

Monson's insinuation that discovery may reveal information "that could affect the resolution of the 12(b)(6) motion," Dkt. 94 at 5-6, even as to her theory that EAJF violated Section 38.12(b)(1) and (b)(2) of the Texas Penal Code, turns the standard of review upside down. At the Rule 12(b)(6) stage, her claims must rise or fall on the content of the existing allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim that is plausible on its face"). After all, a plaintiff must plead plausible claims *before* she can "unlock the doors of discovery …." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Likewise, discovery has no bearing on Monson's reference to her intent to request leave to amend. No new information can affect Monson's challenges to the Memorandum and Recommendation. *See Williams v. Hyster-Yale Grp.*,

3

2024 WL 1144267, at *1 (S.D. Tex. Mar. 13, 2024) (adopting an M&R, noting "[t]o the extent [Plaintiff's] objections refer to new evidence and arguments not previously submitted to [the Magistrate Judge], they are not properly before the court") (Bennett, J.) (quotation omitted; alterations in original).

At bottom, Monson's reliance on decisions declining to stay discovery pending resolution of a motion to dismiss merely highlights the discretionary nature of this relief. On these specific facts, however, EAJF's concerns about potential wasted resources and undue burdens in the face of an existing recommendation to dismiss it from the case amply justify a stay of discovery. It is therefore **ORDERED** that EAJF's motion to stay discovery (Dkt. 91) is **GRANTED**. This stay will terminate automatically if the Court issues an order declining to adopt the Memorandum and Recommendation (Dkt. 89) and denying EAJF's motion to dismiss (Dkt. 64), either in whole or part.

Signed on October 3, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

4