United States District Court
Southern District of Texas
**ENTERED**
December 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHERINE MONSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-00928 |
| § | |
| MCCLENNY MOSELEY & § | |
| ASSOCIATES, PLLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on September 19, 2024 (Doc. #89), Plaintiff Katherine Monson's ("Plaintiff") Objections (Doc. #96), and Defendants Equal Access Justice Fund LP and EAJF ESQ Fund LP's (collectively, the "Equal Access Defendants") Response (Doc. #110). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

First, Plaintiff challenges Judge Ho's recommendation that the Court dismiss Plaintiff's claims under Sections 38.12(b)(1) and (b)(2) of the Texas Penal Code. Doc. #96 at 10–14. Under these provisions, "[a] person commits an offense if the person: (1) knowingly finances the commission of an offense under Subsection (a)" or "(2) invests funds the person knows or believes are intended to further the commission of an offense under Subsection (a)." TEX. PENAL CODE §§

38.12(b)(1)–(2). Section 38.12(a) states that it is an offense to, "with intent to obtain an economic benefit," "solicit[] employment, either in person or by telephone, for himself or for another," or to "pay[] or give[] or offer[] to pay or give a person money or anything of value to solicit employment." *Id.* §§ 38.12(a)(2), (4). The Court finds that Judge Ho correctly determined that Plaintiff has not plausibly alleged the Equal Access Defendants held the requisite knowledge that the funds at issue in this case would be used for unlawful means. Thus, Plaintiff's objections regarding her Section 38.12 claims are overruled.

Second, Plaintiff argues that Judge Ho incorrectly determined there was not good cause to grant Plaintiff another opportunity to amend her complaint. Doc. #96 at 15–17. While Federal Rule of Civil Procedure 15(a) states that leave should be "freely given," a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (internal quotations and citation omitted); *see also Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) (unpublished) (denying leave to amend because the plaintiffs "failed to set forth with sufficient particularity the grounds for the amendment"). As Judge Ho pointed out in the Memorandum and Recommendation, Plaintiff's conclusory request for leave to amend was embedded in a footnote in her Response to the Motion to Dismiss, which simply cited the Rule 15 standard. *See* Doc. #72 at 13 n.4. Plaintiff failed to set forth the grounds for amendment. *Id.* Moreover, Plaintiff has already amended her complaint once. As such, the Court finds Judge Ho correctly determined that Plaintiff should not be granted leave to amend.

2

Therefore, the Equal Access Defendants' Motion to Dismiss (Doc. #64) is hereby GRANTED, and Plaintiff's claims against the Equal Access Defendants are DISMISSED WITH PREJUDICE. Plaintiff's request for leave to amend her complaint is DENIED.

It is so ORDERED.

_____DEC 0 6 2024_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge