**HILTON PARKER**
*Five Moves Ahead*

Case No. 4:23-cv-928

May 12, 2025

## Letter Brief in Response to the January 27, 2025 Order

Dear Magistrate Judge Yvonne Y. Ho and Judge Alfred H. Bennett:

This is a putative class action against Defendant Tort Network LLC—an Arizona marketing company—for alleged barratry in violation of Texas law. The case is brought by Katherine Monson, the wife of a prominent Louisiana insurance defense lawyer (Matthew Monson), for Tort Network LLC's alleged marketing to Louisiana property owners who suffered damage from Hurricane Ida.

At a status conference on January 27, 2025, Magistrate Ho stayed this case pending the Supreme Court of Texas' decision in *Pohl v. Cheatham*, No. 23-0045 (Tex. Jan. 19, 2023), which considered whether Texas' barratry statute—Texas Government Code Section 82.0651—applies to claims arising from partly out-of-state conduct.

At the status conference, Mr. Couhig, for plaintiff, stated he was "aware of the novelty of our case" based on barratry. (Jan. 27, 2025 Hr'g Tr. at 23:11–14) He agreed to a stay because the *Pohl* decision "rationally … is going to be ultimately what rules the day" in this case. (*Id.* at 23:9–10.) Magistrate Ho stayed this case and any ruling on class certification "to avoid potentially unnecessary expense on both sides." (*Id.* at 29:5–6.) She ordered the parties to submit letter briefs after the Supreme Court of Texas' decision.

On May 9, 2025, the Supreme Court of Texas held in *Pohl* that the Texas civil barratry statute does not apply when the "gravamen of the case" is aimed at conduct outside Texas. *Pohl v. Cheatham*, No. 23-0045, Slip. Op. at 26 (Tex. May 9, 2025) ("Ex. 1").

*Pohl* controls here. Tort Network LLC is an Arizona company, and the conduct complained of was directed at Louisiana property owners. (Am. Compl, Doc. 56 at ¶2D and ¶4; ¶¶67, 68, ¶6). Plaintiff is a Louisiana resident. (*Id.* at ¶1A). Because the plaintiff alleges that an Arizona company marketed legal services to Louisiana citizens, the gravamen of the complaint is aimed at conduct that occurred outside of Texas.

This Court should grant judgment as a matter of law to Tort Network LLC. Plaintiff's complaint impermissibly applies the Texas barratry statute extra-territorially. Magistrate Judge Ho stated that if the *Pohl* Court held that the Texas barratry statute had no extraterritorial reach it would "necessarily resolve" this case. (Hr'g Tr. at 26:20–23).

7658 Slate Ridge Blvd.  
Reynoldsburg, OH  43068  
TEL:  (614) 992-2277  
FAX: (614) 927-5980  

jhilton@hiltonparker.com  
gparker@hiltonparker.com

May 12, 2025
Page 2

      Tort Network LLC agrees. Because the Supreme Court of Texas has decided the barratry statute does not apply to conduct aimed out-of-state, Tort Network LLC is entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c).

      A party may move for judgment as a matter of law "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). This Court should now grant judgment on the pleadings, as here, Plaintiff fails to state a claim for barratry aimed at the State of Texas on the face of her complaint.

      The Texas barratry statute does not apply when the "gravamen of the case" aims at conduct that "occurred outside Texas." Ex. 1 at 26. In *Pohl*, the Supreme Court of Texas analyzed whether two Texas lawyers who paid out-of-state case runners to solicit cases in Louisiana and Arkansas were civilly liable to their former clients under the barratry statute, Texas Government Code Section 82.0651. *Id.* at 2. The trial court granted the Texas lawyers summary judgment, but a state appellate court reversed.

      The Supreme Court of Texas—rejecting the appellate court's analysis—affirmed the trial court's grant of summary judgment and held that the lawyers were not liable. First, it held that the Texas barratry statute does not apply extraterritorially. *Id.* at 20–21. Then, it explained that conduct does not become "domestic" just because some aspect of it physically occurred within Texas. *Id.* at 21–22.

      When some aspect of the conduct at issue occurred in Texas, the Court must begin its analysis by separating "the activity that matters from the activity that does not." *Id.* at 21. The Court looks to the "gravamen" of the complaint, asking where the most relevant conduct occurred. *Id.* at 26. In *Pohl*, the relevant conduct was the solicitation of out-of-state clients to bring out-of-state cases. *Id.* Thus, the Texas lawyers were not liable under the Texas barratry statute as a matter of law. *Id.*

      So too here. Ms. Monson's claims against Tort Network, LLC—an Arizona company with its principal place of business in Phoenix, Arizona—are for alleged solicitation of hurricane-related claims to be brought in Louisiana courts. Ms. Monson is a citizen of Louisiana. Even though MMA is a Texas law firm, the gravamen of the complaint here is the solicitation of cases to be filed outside the state. Texas Government Code Section 82.0651 does not apply extraterritorially, and it does not apply to this case.

      Additionally, the Court should deny Plaintiff's motion for class certification. The lead plaintiff is not a citizen of Texas, and no one solicited her to bring a claim for property damage in Texas. She does not have a viable barratry claim, so she lacks standing to bring any claim on behalf of a class.

May 12, 2025
Page 3

    Thus, Tort Network LLC respectfully requests that this Court deny the motion for class certification and render judgment in its favor.

                                            Sincerely,

                                            Jonathan L. Hilton, Esq.
Partner | Hilton Parker LLC
Tel: (614) 992-2277
Fax: (614) 927-5980
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
jhilton@hiltonparker.com
www.hiltonparker.com
*Attorney for Defendant Tort Network LLC*
*Pro hac vice*