Case 4:23-cv-00928   Document 152   Filed on 06/24/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Katherine Monson, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>McClenny, Moseley & Associates, James McClenny, John Zachary Moseley, Tort Network LLC, Equal Access Justice Fund LP, and EAJF ESQ Fund LP,<br><br>*Defendants.* | Civil Action No. 4:23-cv-00928 |

## MEMORANDUM AND RECOMMENDATION

Several defendants have renewed their requests for dismissal based on the recent decision in *Pohl v. Cheatham*, No. 23-0045, --- S.W.3d ---, 2025 WL 1349691 (Tex. May 9, 2025), which held that a parallel subpart of Texas's anti-barratry statute, Tex. Govt. Code Ann. § 82.0651, does not reach the solicitation of potential clients outside of Texas. *See* Dkt. 146, 147, 148. Upon reviewing the *Pohl* decision, this Court entered an order directing Plaintiff Katherine Monson to show cause why *Pohl* does not foreclose her claims. Dkt. 149. After carefully considering Monson's response, Dkt. 150, the defendants' submissions, and the Texas Supreme Court's reasoning in *Pohl*, it

is recommended that this Court grant the renewed requests for dismissal and order that Monson's claims be dismissed with prejudice.

## Background

The facts underlying this putative class action are familiar to the parties and will not be repeated here. Monson's claims allege that Defendant McClenny, Moseley & Associates ("MMA"), a Texas law firm; its principals James McClenny and John Zachary Moseley (collectively with MMA, "MMA Defendants"); and Defendant Tort Network LLC ("Velawcity"), an Arizona-based legal marketing firm, violated Section 82.0651 of the Texas Government Code—the Texas anti-barratry statute—by sending unlawful solicitation communications to Monson and other potential clients in Louisiana. *See* Dkt. 1; *see also* Dkt. 46 at 3 (February 23, 2024 Amended Memorandum & Recommendation regarding motions to dismiss).

In their motions to dismiss all claims, MMA Defendants and Velawcity argued that Section 82.0651 does not apply extraterritorially to outlaw the solicitation of potential clients in other states. *See* Dkt. 14 at 13 (Velawcity's motion); Dkt. 25 at 14-15 (MMA's motion). At the time, their position was contrary to the only decision addressing the issue. *See* Dkt. 46 at 19-22 (discussing *Cheatham v. Pohl*, 2022 WL 3720139, at *8 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, pet. filed)). This Court adopted the undersigned's recommendation to deny dismissal at that juncture, including because "the

2

Texas Supreme Court ha[d] yet to decide whether to grant review in [*Pohl*]." *Id.* at 21-22; *see* Dkt. 51 (adopting Dkt. 46). But the Court issued its ruling without prejudice to renewing the extraterritoriality issue. *See* Dkt. 46 at 22.

Monson later added Defendants Equal Access Justice Fund LP and EAJF ESQ Fund LP (collectively, "EAJF"), asserting that EAJF violated Section 82.0651 by loaning funds to MMA that paid for the solicitations. *See* Dkt. 56 at 13-15. Like the other defendants, EAJF also raised the extraterritoriality issue. *See* Dkt. 64 at 17-20. This Court declined to reach the issue, dismissing Monson's claims against EAJF on other grounds, but noted the grant of review in *Pohl*. Dkt. 89 at 6 n.2, *adopted by* Dkt. 125.

After discovery closed, this Court held a status conference. *See* Dkt. 136 (Order from January 27, 2025 status conference); Dkt. 37 at 2 (November 15, 2024 discovery deadline). By that time, the Texas Supreme Court had heard oral argument in *Pohl*. At the conference in this case, the parties acknowledged that the impending *Pohl* decision could materially affect Monson's claims. *See* Dkt. 136 at 1-2. Given that potentially case-dispositive impact, the Court stayed all remaining deadlines and administratively terminated Monson's pending motion for class certification (Dkt. 54) and McClenny's motion for summary judgment (Dkt. 127) without prejudice to reinstating them. Dkt. 136 at 2. The order directed all parties to submit letter briefs within 14 days after the *Pohl* decision. *Id.*

3

On May 9, 2025, the Texas Supreme Court issued its decision in *Pohl*. In quick succession, Velawcity, EAJF, and McClenney filed letter briefs arguing that *Pohl*'s reasoning requires dismissal of Monson's claims. *See* Dkt. 146, 147, 148. Monson filed nothing.

The defendants' letters prompted this Court to lift the stay and order Monson to respond. *See* Dkt. 149 (May 27, 2025 show cause order). After summarizing *Pohl*, the order noted that the Texas Supreme Court's decision "warrants revisiting this Court's prior conclusion, premised on the intermediate appellate decision that *Pohl* reversed, that [Monson's] claims are not barred as impermissibly extraterritorial." *Id*. at 3. Accordingly, this Court lifted the stay and directed that Monson "show cause, by June 6, 2025, why *Pohl* does not conclusively defeat her claims under Tex. Gov't Code Ann. § 82.0651(c)." *Id*. at 4 (emphases removed).

Monson's response was not responsive. *See* Dkt. 150. Notwithstanding this Court's prior order lifting the stay, *see* Dkt. 149, Monson requested that the stay remain in place "until the relevant issues ... have been completely decided" in *Pohl*, noting that the plaintiff in *Pohl* had sought an extension of time to seek rehearing, Dkt. 150. McClenney filed a response opposing Monson's request. Dkt. 151.

## Analysis

As detailed below and asserted by multiple defendants, the Texas Supreme Court's decision in *Pohl* is dispositive. Under *Pohl*, Monson's claims targeting solicitation of potential clients outside of Texas are not actionable, as a matter of law. *See Pohl*, 2025 WL 1349691, at *1 (holding that Tex. Govt. Code Ann. § 82.0651(a) "does not extend to the nonresident clients' claims" because the challenged "solicitation of a legal-services contract through illegal barratry ... occurred outside Texas"). This Court should dismiss Monson's claims with prejudice and enter a final take-nothing judgment.

In *Pohl*, the Texas Supreme Court issued a 5-3 decision that reversed the intermediate appellate decision upon which this Court relied when denying MMA Defendants' and Velawcity's motions to dismiss.[1] *Compare Pohl*, 2025 WL 1349691, *with* Dkt. 46 at 19-22. *Pohl*'s holding is clear and unequivocal: Section 82.0651 of the Texas Government Code does not encompass the solicitation of potential clients in other states.

The provision addressed in *Pohl* was Section 82.0651(a), which parallels Section 82.0651(c), the provision underlying Monson's claims. The defendants in *Pohl*, Texas-licensed attorneys (Michael Pohl and Robert Ammons), allegedly utilized intermediaries to procure legal services contracts with

---

[1] Justice Devine did not participate in the decision. *Pohl,* 2025 WL 1349691, at *12.

residents of Louisiana and Arkansas via unlawful in-person solicitations and through offers to pay remuneration for executing those contracts. *See* 2025 WL 1349691, at *2-3. Section 82.0651(a) permits a client to void a contract for legal services that was procured by conduct violating either Section 38.12(a) or (b) of the Texas Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Gov't Code Ann. § 82.0651(a). This includes the prohibitions against lawyers soliciting employment through in-person or phone communications, paying someone to solicit employment, and knowingly financing such conduct. *See Pohl*, 2025 WL 1349691, at *6-7 (quoting Tex. Penal Code § 38.12(a), (b), and Disciplinary Rule 7.03). Those are the same prohibitions Monson alleges were violated in this case.

In *Pohl*, the Texas Supreme Court concluded that "Section 82.0651's text does not demonstrate the Legislature's clear intent that it apply extraterritorially ...." *Id.* at *9. That conclusion rendered it necessary to determine if the state's application to the clients' challenge to the lawyers' solicitation "would be an impermissible extraterritorial application." *Id.*

Next, the Texas Supreme Court identified the "focus" of the Legislature's concern underlying Section 82.0651 and examined "whether the conduct relevant to that focus occurred within or outside Texas." *See id.* (citing this test from *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 418 (2023)). Analyzing Section 82.0651(a), the Texas Supreme Court concluded

6

that the statute's focus is "to provide a remedy for clients seeking to void legal-services contracts that were solicited and procured through prohibited barratry." *Id.* at *10. Applied to the facts, the Court noted that "the in-person acts of solicitation" comprising Section 82.0651(a)'s focus "occurred outside Texas, in Louisiana and Arkansas ...." *See id.* This meant that the claims required Section 82.0651(a)'s extraterritorial application.

The Texas Supreme Court rejected the notion that mere occurrence of some conduct in Texas was sufficient to bring the allegations within Section 82.0651(a)'s reach. In particular, the Court found it immaterial that the defendants funded the solicitation in Texas because the clients who sought to void the contracts did not reside in Texas and, "[p]erhaps most critically," the "allegedly improper solicitation of those contracts" also occurred outside Texas. *See id.* at *10-11. In the Court's words,

> [w]hen a client who is not a Texas resident enters into a legal-services contract that was procured outside Texas through solicitation that occurred outside Texas, affording the client a remedy that exists only by virtue of a Texas statute—Section 82.0651(a)—requires the statute's extraterritorial application.

*Id.* at *10; *see also id.* at *11 (deeming it "inescapable that applying Section 82.0651(a) to this set of facts would extend Texas law outside its borders"). The Court reversed the court of appeals with respect to the Section 82.0651(a) claims and rendered a take-nothing judgment on those claims. *See id.* at *1.

7

*Pohl*'s implications for this case are inescapable. The Texas Supreme Court's analysis of extraterritoriality with respect to Section 82.0651(a) apply with equal force to the parallel provision, Section 82.0651(c), underlying Monson's claims. The only differences between subparts (a) and (c) are the identity of the person entitled to invoke them and the remedy available. Whereas Section 82.0651(a) is limited to "a client who enters into a contract," Section 82.0651(c) "creates a cause of action for a person who was improperly solicited but did not enter into a legal-services contract." *Pohl*, 2025 WL 1349691, at *5 & n.8 (quoting and summarizing these provisions). And while Section 82.0651(a) allows a client to void the contract and recover several categories of monetary relief, including all fees and expenses paid under the contract, actual damages, a statutory penalty, and attorneys' fees, relief under Section 82.0651(c) is limited to the statutory penalty, actual damages, and attorneys' fees. *See id.*

Those differences do not alter the provisions' common focus: to provide remedies for clients (per Section 82.0651(a)) or potential clients (per Section 82.0651(c)) who were solicited through unlawful means. *See id.* at *10 (addressing Section 82.0651(a)'s focus). And because Section 82.0651 does not manifest a clear intent to apply extraterritorially, *id.* at *9, neither subpart (a) nor (c) can prohibit the solicitation of clients or potential clients outside of Texas, *see id.* at *10-11.

8

Under *Pohl*, Monson's claims are impermissibly extraterritorial. Monson is a citizen of Louisiana who claims she received improper solicitations via phone regarding potential storm damage claims in Louisiana. *See* Dkt. 56 at 1, 4-10. "[T]he conduct that is the gravamen of the case"—i.e., the "improper solicitation" of legal-services contracts—"occurred outside Texas." *See Pohl*, 2025 WL 1349691 at *11. "[T]he fact that *some* unlawful conduct" occurred in Texas—i.e., the MMA Defendants' alleged procurement of solicitations sent by Velawcity and EAJF's loans to MMA Defendants that allegedly financed the solicitations, Dkt. 56 at 10, 13-15—"does not make the application of [Section 82.0651(c)] in this case any less extraterritorial." *See id.* at *10.

Monson has no rejoinder to *Pohl*. She only argues that this Court should await the Texas Supreme Court's resolution of a potential motion for rehearing in *Pohl* that has yet to be filed. *See* Dkt. 150. But *Pohl* was a 5-3 decision. The odds that the decision would flip are exceedingly remote.[2] And the lengthy pendency of this case counsels against further delay. Based on *Pohl*, this Court should dismiss all claims with prejudice.[3]

---

[2] A recent presentation noted that, from 2021 to 2024, the Texas Supreme Court granted only 0.9% of motions for rehearing after issuing an opinion on the merits. *See* Don Cruse, *Supreme Court of Texas by the Numbers*, The University of Texas 35th Annual Conference on State and Federal Appeals (June 12, 2025). Even in those few instances, the result upon rehearing did not necessarily change.

[3] Because the same rationale forecloses Monson's claims against other defendants, the dismissal should encompass all defendants. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) (affirming *sua sponte* dismissal of claims against non-

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the renewed requests for dismissal filed by Defendants Tort Network LLC (Dkt. 146), Equal Access Justice Fund and EAJF ESQ Fund LP (Dkt. 147), and James McClenny (Dkt. 148) be **GRANTED**, and that Plaintiff Katherine Monson's claims be **DISMISSED WITH PREJUDICE**.

Defendants Equal Access Justice Fund's and EAJF ESQ Fund LP's cross-claims against Tort Network LLC, John Moseley, and James McClenny (Dkt. 65 at 14-23) are still pending.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 24, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

---

movants upon concluding that identical allegations against other defendants were properly dismissed).